# EXHIBIT 6

**JOHN REILLY & ASSOCIATES**
**Attorneys and Counselors at Law**

*Admitted in Rhode Island & Massachusetts*

Summit West — Suite 330
300 Centerville Road
Warwick, Rhode Island 02886-4395
(401) 739-1800
Fax (401) 738-0258

John B. Reilly
jreilly@lawyers-online.us

July 26, 2007

Tara McNiss
GEICO Claims Department
750 Woodbury Road
Woodbury, NY 11797-2589

**Re: Claim No: 0070721390101042**
**Insured: Cheleasa C. Bergeron**
**Loss Date: January 14, 2007**
**Our Client: Robert George**

Dear Ms. McNiss:

In my letter to Ms. Atkinson dated April 21, 2007, we demanded the UIM policy limits under this policy (in addition to medical payments benefits and reserving the right to proceed thereafter against the responsible tortfeasor). We also forwarded a copy of the Rhode Island statute that allows a party to proceed in this manner to your attention on July 5, 2007. Furthermore, following our telephone discussion of July 5, 2007, I forwarded copies of the Open MRI of New England reports concerning Mr. George's cervical and lumbar spines studies, each conducted on February 23, 2007. These show multiple disc problems that can only be attributed to this accident.

At this time we enclose copies of updated medical and physical therapy reports from Dr. Morrissey as well as some prescription information. And as you know, Mr. George has been out of work, essentially completely disabled, since February, 2007. There is no indication that he was injured at work, no record of prior or subsequent trauma or accidents, and despite the clear evidence that the damages that your insured suffered will vastly exceed all available coverage, this will further serve to confirm that there have been no offers and that GEICO's position is that Mr. George must "exhaust" the third party coverage before he is entitled to present a UIM claim.

Thank you for your anticipated attention to the same.

Very truly yours,

John B. Reilly

Jbr:bh
enclosures