**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT GEORGE**

**Vs.** **C.A. No.: 07-CV-00466-S**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY**

## ANSWER OF DEFENDANT

Defendant, Government Employees Insurance Company, by and through its attorney, hereby answers Plaintiff's Complaint as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiff's Complaint and, therefore, leaves Plaintiff to his proof thereof.

2. Defendant admits that Government Employees Insurance Company ("GEICO") is a corporation duly organized and existing under the laws of the State of Maryland and is authorized to engage in the business of insurance in the State of Rhode Island.

## JURSIDICTION AND VENUE

3. Defendant admits that it has at all times material hereto been authorized to engage in the business of insurance in the State of Rhode Island and that this Court has personal jurisdiction over Defendant.

4. Defendant states that the allegations set forth in Paragraph 4 of Plaintiff's Complaint are in the nature of a legal conclusion susceptible of differing interpretations and, therefore, are not susceptible of an answer by Defendant. Defendant leaves the determination of this legal issue in the hands of the Court for its determination.

5. Defendant states that the allegations set forth in Paragraph 5 of Plaintiff's Complaint are in the nature of a legal conclusion susceptible of differing interpretations and, therefore, are not susceptible of an answer by Defendant. Defendant leaves the determination of this legal issue in the hands of the Court for its determination.

## FACTUAL BACKGROUND

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of Plaintiff's Complaint and, therefore, leaves Plaintiff to his proof thereof.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of Plaintiff's Complaint and, therefore, leaves Plaintiff to his proof thereof.

8. Admit.

9. Admit.

10. Deny.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of Plaintiff's Complaint and, therefore, leaves Plaintiff to his proof thereof.

12. Admit.

13. Deny.

14. Defendant admits that Plaintiff forwarded a letter to Defendant dated February 27, 2007. Defendant denies that copies of MRI reports of Plaintiff's cervical and lumbar MRIs dated February 23, 2007 were attached to said correspondence and directs the Court's attention to Exhibit 2 of Plaintiff's Complaint, which fails to include said reports. Defendant further denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint relative to the MRI results, as the Complaint references "MRI"[s], not MRI reports and the actual MRIs are susceptible of differing interpretations.

15. Admit.

16. Defendant states that the allegations set forth in Paragraph 16 of Plaintiff's Complaint are in the nature of a legal conclusion susceptible of differing interpretations and, therefore, are not susceptible of an answer by Defendant. Defendant leaves the determination of this legal issue in the hands of the Court for its determination. Defendant further denies that the subject assertion is false and misleading.

17. Defendant states that the allegations set forth in Paragraph 17 of Plaintiff's Complaint are in the nature of a legal conclusion susceptible of differing interpretations and, therefore, are not susceptible of an answer by

Defendant. Defendant leaves the determination of this legal issue in the hands of the Court for its determination. Defendant further denies that the subject assertion is false and misleading.

18. Deny, as Plaintiff's characterization of the law is susceptible of differing interpretations.

19. Deny, as Plaintiff's characterization of the law is susceptible of differing interpretations.

20. Admit, however, Defendant states that the legal conclusions set forth in said correspondence are susceptible of differing interpretations.

21. Defendant admits that by letter dated April 21, 2007 Plaintiff made a written offer to settle his claims in an amount equal to the UIM coverage limits in force at the time his claims accrued, however, Defendant directs the Court's attention to the fact that the correspondence dated April 21, 2007 as set forth in Exhibit 4 to Plaintiff's Complaint is missing the page wherein the demand is set forth. Defendant denies that R.I.G.L. § 27-7-2.2 has any application to the instant case.

22. Deny, as R.I.G.L. § 27-7-2.2 has no application to the instant case.

23. Defendant admits that by letter dated April 26, 2007 Plaintiff made a written offer to settle his claims in an amount equal to the UIM coverage limits in force at the time his claims accrued. Defendant denies that R.I.G.L. § 27-7-2.2 has any application to the instant case.

24. Deny, as R.I.G.L. § 27-7-2.2 has no application to the instant case.

25. Defendant admits that on July 5, 2007 it inquired as to whether Plaintiff had a MRI and that Plaintiff forwarded copies of the MRI reports to GEICO on that same date. Defendant denies the remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that on July 5, 2007 it restated its position that it was under no obligation to consider Plaintiff's claim because Plaintiff had not settled with the tortfeasor. In further response to Paragraph 26 of Plaintiff's Complaint, Defendant states that Plaintiff's interpretation of Rhode Island law as set forth in correspondence dated April 21, 2007 is susceptible of differing interpretations.

27. Admit.

28. Defendant admits that by letter dated July 26, 2007 Plaintiff made a written offer to settle his claims in an amount equal to the UIM coverage

limits in force at the time his claims accrued. Defendant denies that R.I.G.L. § 27-7-2.2 has any application to the instant case.

29. Deny, as R.I.G.L. § 27-7-2.2 has no application to the instant case.

30. Deny.

31. Admit.

32. Admit.

33. Defendant admits that Plaintiff sent the subject letter to Defendant. Defendant denies the accuracy and veracity of Plaintiff's assertions in said correspondence.

34. Deny.

35. Deny.

36. Defendant admits that on October 17, 2007 it requested x-ray films from a previous injury sustained by Plaintiff on or about July 14, 2006. Defendant denies the remaining allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Deny.

38. Deny.

39. Deny.

40. Admit.

41. Deny.

42. Defendant restates its answers to Paragraphs 1 through 41 of Plaintiff's Complaint and incorporates said answers in each count below by reference.

**COUNT I**

43. Deny.

**WHEREFORE**, Defendant hereby prays this Honorable Court enter judgment for Defendant and against Plaintiff, denying and dismissing Plaintiff's Complaint and awarding Defendant all costs of suit.

**COUNT II**

44. Deny.

45. Deny.

**WHEREFORE**, Defendant hereby prays this Honorable Court enter judgment for Defendant and against Plaintiff, denying and dismissing Plaintiff's Complaint and awarding Defendant all costs of suit.

Defendant,
GEICO Insurance Company,
By its attorney,
**Law Office of Patrick T. Conley, Jr.**

Patrick T. Conley, Jr., Esquire (#3808)
42 Weybosset Street, Suite 402
Providence, RI 02903
401-621-4140

**CLAIM OF JURY TRIAL**

Defendant hereby claims a trial by jury on all issues so triable.

**CERTIFICATION**

I hereby certify that on the 30th day of January 2008, I mailed a copy of the foregoing Answer, via regular mail, postage pre-paid, to:

John B. Reilly, Esquire
100 North Main Street, 4th Floor
Providence, RI 02903

Kristy Dutra