UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE,
Plaintiff,

v. C.A. No. 07-466-S

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
Defendant.

**PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT**

**PARTIES**

1. Plaintiff, Robert George, (sometimes hereinafter referred to as either "plaintiff" and/or Robert") is a citizen of the City of Providence, State of Rhode Island.

2. Upon information and belief, defendant, Government Employees Insurance Company ("GEICO"), is a corporation having its citizenship and principal place of business in the State of Maryland and is authorized to engage in the business of insurance in the State of Rhode Island.

**JURISDICTION AND VENUE**

3. Upon information and belief, GEICO has at all times relevant hereto been authorized to engage in the business of insurance in the State of Rhode Island and is subject to the jurisdiction of this court.

4. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that this is a civil action wherein the matter in controversy exceeds the value of $75,000 (exclusive of interest and costs) and is between citizens of different states.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), since the events giving rise to the plaintiff's claims occurred or had their effect within this judicial district.

## FACTUAL BACKGROUND

### The Accident of January 14, 2007 and Plaintiff's Personal Injuries

6. On or about January 14, 2007, in a parking lot access area located at 444 Quaker Lane in the City of Warwick, State of Rhode Island, a motor vehicle owned by Deborah Reese ("Reese") and being operated with her permission by Amanda Moore ("Moore") was driven in such a reckless or negligent manner that it collided with a motor vehicle being operated by Robert.

7. As a direct result of the actions and negligence of Reese and Moore, Robert was thrown about inside his motor vehicle, suffering injuries to his person that have, in turn, caused him to (a) seek and undergo medical treatment and incur expense for the same, (b) suffer greatly in body and mind, (c) suffer a loss of earnings or earning capacity, (d) be unable to carry on and conduct his normal daily activities, and (e) be otherwise greatly damnified.

### The Insurance Policies applicable to Plaintiff's Claims for Damages

8. At the time of the accident, AIG Insurance had issued an automobile liability insurance policy to Reese, that was in full force and effect, and which provided bodily injury liability coverage with applicable limits of twenty-five thousand ($25,000) dollars ("the AIG policy").

9. At the time of the accident, GEICO had issued an automobile insurance policy to Cheleasa Bergeron, that was in full force and effect, and which provided underinsured motorist ("UIM") coverage to Robert with applicable limits of fifty thousand ($50,000) dollars and medical payment benefits in the amount of ten thousand ($10,000) dollars ("the GEICO policy").

10. Robert's injuries and damages exceed the coverage available under either or both of the aforementioned policies.

11. On or about May 4, 2007, plaintiff filed suit against Moore and Reese in Providence County Superior Court, C.A. No. 07-2314, seeking damages for personal injuries arising out of the motor vehicle accident on January 14, 2007. That case is still pending as of the time of the filing of this action.

**Claims Activity**

12. By letter dated February 19, 2007, GEICO stated that it had determined that liability for the accident of January 14, 2007 rested solely with Amanda Moore and Deborah Reese. A copy appears at **Exhibit One** and is incorporated herein, by reference.

13. At the time of the motor vehicle accident of January 14, 2007, plaintiff was a nineteen (19) year old young man in excellent health with no history of medical treatment for his back or neck.

14. By letter dated February 27, 2007, plaintiff forwarded copies of MRI reports of his cervical and lumbar spines dated February 23, 2007 to GEICO. The cervical MRI report described a disc desiccation at C4-5 with bulge and spurring, and disc bulges at C5-6 and C6-7. The lumbar MRI report described an L5-S1 disc desiccation with herniation. A copy of this letter, but not the reports, appears at **Exhibit Two** and is incorporated herein, by reference.

15. By letter to plaintiff dated April 17, 2007, GEICO stated, "[i]f and when you receive a policy limit settlement offer from the tortfeasor's(s') insurer that is less that our insured's UIM limit, please notify us immediately before accepting that offer, so we can give proper consideration to your claim for underinsured motorist benefits." A copy appears at **Exhibit Three** and is incorporated herein, by reference.

16. Contrary to this false and misleading assertion, Rhode Island law permits recovery of UIM benefits when the available UIM limits are equal to or exceed a tortfeasor's bodily injury liability limits and where, as here, the insured's damages also exceed the tortfeasor's limits.

17. Contrary to this false and misleading assertion, Rhode Island law does not require that an insured make a claim or bring an action against an underinsured tortfeaser as a prerequisite to recovering UIM benefits.

18. As an insurance company authorized to do business in the State of Rhode Island, GEICO knew, or should have known, that Rhode Island law permits recovery of UIM benefits when the available limits are equal to or exceed a tortfeasor's bodily injury liability limits.

19. As an insurance company authorized to do business in the State of Rhode Island, GEICO knew, or should have known, that Rhode Island law does not require that an insured make a claim or bring an action against an underinsured tortfeaser as a prerequisite to recovery from his own insurer pursuant to Rhode Island General Laws § 27-7-2.1(h).

20. By letter dated April 21, 2007, plaintiff, through counsel, reminded GEICO that Rhode Island law does not require that an insured make a claim against or bring an action against an underinsured tortfeaser as a prerequisite to recovery from his own insurer.

21. By letter dated April 21, 2007, plaintiff made a written offer to settle his claims in an amount equal to or less than the UIM coverage limits in force at the time his claims accrued. A copy appears at **Exhibit Four** and is incorporated herein, by reference.

22. Plaintiff's first written offer has been and is presumed to be rejected by GEICO because GEICO never provided a response to plaintiff's offer in contravention of defendant's duty to participate in settlement negotiations pursuant to *Skaling v. Aetna*, 799 A.2d 997 (R.I. 2002).

23. By letter dated April 26, 2007, plaintiff made a second written offer to settle his claims in an amount equal to or less than the UIM coverage limits in force at the time his claims accrued. A copy appears at **Exhibit Five** and is incorporated herein, by reference.

24. Plaintiff's second written offer has been and is presumed to be rejected by GEICO because GEICO never provided a response to plaintiff's offer in contravention of defendant's duty to participate in settlement negotiations pursuant to *Skaling v. Aetna*, 799 A.2d 997 (R.I. 2002).

25. On July 5, 2007 GEICO inquired as to whether plaintiff had a MRI, despite the fact that plaintiff had sent copies of his MRI reports to GEICO on February 27, 2007. In response thereto, plaintiff forwarded a second copy of the reports to GEICO on July 5, 2007.

26. On July 5, 2007, GIECO restated its position that it was under no obligation to consider plaintiff's claim because plaintiff had not settled with the tortfeaser, despite the fact that plaintiff had advised GEICO of Rhode Island law by letter dated April 21, 2007.

27. By email dated July 5, 2007, plaintiff attached a copy of the Rhode Island General Laws § 27-7-2.1, calling attention to subsection (h).

28. By letter dated July 26, 2007, plaintiff made a third written offer to settle his claims in an amount equal to or less than the UIM coverage limits in force at the time his claims accrued. A copy appears at **Exhibit Six** and is incorporated herein, by reference.

29. Plaintiff's third written offer has been and is presumed to be rejected by GEICO because GEICO never provided a response to plaintiff's offer in contravention of defendant's duty to participate in settlement negotiations pursuant to *Skaling v. Aetna*, 799 A.2d 997 (R.I. 2002).

30. On September 28, 2007, plaintiff contacted GEICO by email to inquire as to the status of this claim but never received a response from GEICO.

31. On October 12, 2007, plaintiff, through counsel, spoke with GEICO, which for the third time stated that it could not consider plaintiff's claim until he had settled his claim against the

tortfeasor. In response thereto, GEICO was sent yet another copy of the relevant Rhode Island statute.

32. By letter dated October 12, 2007, GEICO informed plaintiff that it was placing him on notice of its "lien for medical payment benefits" paid by GEICO and instructed him not to execute any general releases which did not reserve its right to subrogation. A copy appears at **Exhibit Seven** and is incorporated herein, by reference.

33. By letter dated October 22, 2007, plaintiff advised GEICO that Rhode Island law did not seem to allow medical payment offsets that seek to reduce the coverage available under UIM benefits, stated this assertion of a subrogation line was to be potentially an act of bad faith and demanded that GEICO withdraw any such third party lien in writing. A copy appears at **Exhibit Eight** and is incorporated herein, by reference.

34. Plaintiff never received a response to this letter.

35. As an insurance company authorized to do business in the State of Rhode Island, GEICO knew, or should have known, that Rhode Island law does not provide for reduction of UIM benefits by medical payment benefits in situations such as are involved in this case.

36. On Oct. 17, 2007, GEICO demanded x-ray films from an alleged previous injury sustained by plaintiff on July 14, 2006, despite the fact that no x-ray films existed and that GEICO had no probable cause to believe that they existed.

37. GEICO has failed to acknowledge and act with reasonable promptness upon pertinent communications with respect to claims arising under the UIM policy.

38. GEICO has engaged in a continuous pattern of delay by requiring duplication of medical records and has not once ever provided plaintiff with any reasonable and accurate explanation for its refusal to consider and pay UIM benefits.

39. GEICO has no defenses, in fact or law, for denying payment to plaintiff under these circumstances.

40. GEICO is or should be aware that it is the policy of the State of Rhode Island to encourage the settlement of controversies in lieu of litigation, and that it is under an equivalent duty to participate in settlement negotiations pursuant to *Skaling v. Aetna*, 799 A.2d 997 (R.I. 2002).

41. GEICO has acted in conscious, reckless disregard of its responsibilities as aforesaid, thus its actions constitute a bad faith failure or refusal to properly resolve plaintiff's claims short of litigation.

42. Plaintiff has complied with all conditions precedent to commencing this action.

43. Paragraphs 1-43 are incorporated in each count below, by reference.

**COUNT I**
**Breach of Contract – GEICO**

44. Plaintiff is an insured under the GEICO policy and is entitled to UIM benefits under the GEICO policy because his damages are in excess of the liability insurance coverage available from the tortfeaser.

WHEREFORE, plaintiff demands judgment against GEICO for the policy limits in the amount of $50,000, plus interest and costs.

**COUNT II**
**Bad Faith – GEICO**

45. GEICO's actions constitute violations of Rhode Island General Laws § 9-1-33 and *Skaling v. Aetna*, 799 A.2d 997 (R.I. 2002).

46. GEICO's bad faith failure and/or refusal to negotiate has caused plaintiff increased expenses and legal fees, entitling him to compensatory damages, and such other damages (including exemplary damages) as may be appropriate in the circumstances, pursuant to R.I.G.L. § 9-1-33 and *Skaling v. Aetna*, 799 A.2d 997 (R.I. 2002).

WHEREFORE, plaintiff demands judgment against GEICO for compensatory and/or exemplary damages, in the sum of $250,000, plus interest, costs and attorney fees.

**JURY DEMAND**

Plaintiff demands a trial by jury on all counts and all issues so triable.

ROBERT GEORGE,
By his attorney,

____________________________

John B. Reilly (#1811)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, Rhode Island 02903
Phone 401-272-2800
Fax 401-272-2811

**CERTIFICATION**

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: February _______, 2008 ___/s/ John B. Reilly, Esq.____