UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE

VS. C.A. NO. 07-466S

GOVERNMENT EMPLOYEES
INSURANCE COMPANY

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S RULE 12(b)(6) MOTION TO DISMISS**

Now comes the defendant, GEICO GENERAL INSURANCE COMPANY[1] in relation to the above captioned matter, and, pursuant to Rule 12(b)(6) and Rule 12(b)(1), hereby moves to dismiss the claim filed by the plaintiff, Robert George.

Defendant
GEICO General
Insurance Company
By Its Attorneys
FINAN & GROURKE

/s/ Jeffrey P. Finan
Jeffrey P. Finan #3278
24 Spring Street
Pawtucket RI 02860
401-723-6800
401-726-6340 (fax)

**Defendant herein requests Oral Argument. Estimated time: Fifteen minutes.**

**CERTIFICATION**

I hereby certify that a copy of the within was filed through the ECF System on February 21, 2008 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey P. Finan

[1] Plaintiff has incorrectly identified the proper party defendant as Government Employees Insurance Company in its Amended Complaint. GEICO GENERAL INSURANCE COMPANY voluntarily agrees to be substituted as the proper party defendant.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLND

ROBERT GEORGE,
Plaintiff

VS. C.A. NO. 07-466S

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
Defendant

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS 12b(6) AND 12(b)(1) MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

## I. FACTS

The accident giving rise to this litigation occurred on Sunday, January 14, 2007 at approximately 3:03 a.m. in the parking area of the Denny's Classic Diner located on Quaker Lane in the City of Warwick, State of Rhode Island.

At that time, the plaintiff, Robert George, was operating a 1996 Mazda owned by Daniel J. Bergeron. The vehicle operated by Robert George was insured by a policy of uninsured/underinsured motorist coverage under GEICO GENERAL INSURANCE COMPANY[2] Policy No. 0701-33-39-08, in the sum of $50,000.00 per person, $100,000.00 per accident.

The George vehicle came into a collision with a 2002 Mercury Mountaineer operated by Amanda N. Moore and owned by Deborah Reese of Warwick, Rhode Island. The Reese vehicle did have liability insurance coverage through AIG Insurance,

[2] Plaintiff has incorrectly identified the proper party defendant as Government Employees Insurance Company in its Amended Complaint. GEICO GENERAL INSURANCE COMPANY voluntarily agrees to be substituted as the proper party defendant.

which provided bodily injury liability coverage with applicable limits of $25,000.00 per person, $50,000.00 per accident.

On or about May 4, 2007, the plaintiff, Robert George filed suit against Moore and Reese in the Providence County Superior Court, said action bearing Civil Action File Number 07-2314, seeking damages for personal injuries arising out of the motor vehicle accident in question. That case is being defended on behalf of Moore and Reese on both a liability aspect as well as a damages aspect, and remains pending as of the time of the filing of this action.

On December 18, 2007, approximately eleven months after the accident in question occurred, the plaintiff filed the present action, claiming breach of contract as well as bad faith against their own insurer, GEICO General Liability Insurance Company. (sic).

On February 11, 2008, the plaintiff's Amended Complaint was filed, making claim against Government Employees Insurance Company, and said Complaint is hereby incorporated in full. According to the "Factual Background" contained within the Complaint, specifically, paragraph number 10 of the Complaint, the plaintiff makes a "bare" allegation that his injuries and/or damages may exceed the coverage available under either the liability policy and/or the underinsured motorist policy. This fact is once again reiterated in Count I of the Complaint, and the pertinent paragraphs of the Colicy are set forth below in full.

**Complaint**

¶10. "Robert's injuries and damages exceed the coverage available under either or both of the aforementioned policies…."

**Count I – Breach of Contract**

> ¶44 "Plaintiff is an insured under the GEICO policy and is entitled to UIM Benefits under the GEICO policy because his damages are in excess of the liability insurance coverage available from the tortfeasor."

However, these bare allegations are insufficient to sustain a cause of action under Rhode Island Law.

## II. APPLICABLE LAW AND ARGUMENT

The Rhode Island Supreme Court has set forth the necessary standard of review in Rule 12(b)(6) Motions in the case of Bragg v. Warwick Shoppers World, Inc., 227 A.2d 582 (1985).

> "Allegations in a Complaint are…to be taken as true and viewed in the light most favorable to the plaintiff. No Complaint will be deemed insufficient unless it is clear beyond a reasonable doubt that the plaintiff will be unable to prove his right to relief (cite omitted), that is to say, unless it appears to assert a certainty that he will not be entitled to relief under any set of facts which might be proved in support of his claim." Bragg 227 A.2d 584.

### A. The Plaintiff's Breach of Contract Claim Against Government Employees Insurance Company is Premature Under Rhode Island Law, and Must Be Dismissed

Rhode Island's legislature has previously enacted legislation regarding uninsured and underinsured motorist coverage pursuant to RIGL §27-7-2.1. The Rhode Island Supreme Court has held that the legislative purpose of RIGL §27-7-2.1 was to protect insureds against economic loss specifically related to the negligent operation of an uninsured/underinsured vehicle and not to all economic loss. General Accident Insurance Company of America v. Cuddy, 658 A.2d 13, 16 (RI 1995). Aldcroft v.

Fidelity & Casualty Co. of New York, 259 A.2d 408, 413 (1969) and Amica Mutual Insurance Company v. Streicker, 583 A.2d, 550, 553 (RI 1990). Rhode Island Court has purposely "imposed reasonable limitations on the construction of the uninsured/underinsured motorist statute in effectuating a public policy that the statute be interpreted in a "manner that affords insurers some financial protection." Id., Quoting DiTata v. Aetna Casualty and Surety Company, 542 A.2d 245, 248 (RI 1998).

With such limitations in mind, the Rhode Island Supreme Court has specifically identified the prerequisites necessary prior to asserting a claim for underinsured motorist coverage in the cases of General Accident Insurance Company of America v. Cuddy, 658 A.2d 13 (1995) and Thibodeau v. Metropolitan Property & Liability Insurance Company, 682 A.2d 474 (1995).

In Cuddy, the Rhode Island Supreme Court has stated the following:

> "(to) satisfy the statutory definition of uninsured motorist, a claimant must present proof of damages that are legally entitled to be recovered. In order to invoke uninsured/underinsured coverage, it is necessary to determine whether the tortfeasor's liability policy limit is less than the actual amount of damages sustained by the claimant, damages the claimant is legally entitled to recover from the tortfeasor." General Accident v. Cuddy, 658 A.2d @ 16-17.

The Rhode Island Supreme Court set forth the manner of such proof in the case of Thibodeau v. Metropolitan Property & Liability Insurance Company, 682 A.2d 474 (1995). Therein, the Supreme Court held as follows:

> "To avoid summary judgment a claimant must prove that he or she is entitled to invoke Section 27-7-2.1 (Rhode Island's Underinsured/Uninsured Statute) by introducing admissible evidence

> documented and explained in affidavits that his or her damages exceed the limits of coverage of the negligent tortfeasor. That is, the claimant must introduce material evidence that proves the damages, and upon such evidence a determination can be made as to whether the underinsured coverage is applicable. Id, citing General Accident Insurance Company of America v. Cuddy, 658 A.2d @17.

In Cuddy, the plaintiff filed a declaratory judgment action against her insurance carrier for underinsured benefits for injuries she sustained as a result of a car accident with the tortfeasor who carried a $300,000.00 liability policy. The defendant filed for summary judgment based on the fact that no admissible evidence had been presented by the plaintiff to maintain a suit against her carrier under the underinsured motorist provision of her policy. Plaintiff filed an objection that contained an affidavit of the plaintiff's stating "it was my opinion, based on conversations with my attorney and family members, that my bodily injury claim had a value in excess of $300,000.00." The Superior Court judge granted summary judgment to the defendant and the plaintiff appealed. The Supreme Court upheld the Superior Court decision, stating that "the assertion of the level of damages was not validated or verified by any proof of damages, such as medical records, depositions, or opinions of doctors, hospitals, or doctors' bills, evidence that if set forth in a factual context, could raise an issue of material fact for trial. "The bald assertion that (such circumstances) do exist is insufficient to place (movant) beyond the reach of summary judgment." (cite omitted) Cuddy, 658 A.2d @ 17.

In order for the plaintiff to make recovery on the underlying tort claim, he must prove liability against the adverse operator, as well as injuries and/or damages which are proximately caused by the accident in question. The underlying tort claim,

presently pending in the Providence County Superior Court, is being defended on both a "damages", and a "liability" aspect of the claim.

In fact, from the information provided to date from the plaintiff, the last date of medical treatment which he had following the accident was September 11, 2007 with Martin J. Kerzer, D.O. This report is attached as **Exhibit 1**. Dr. Kerzer makes the following findings in relation to the physical exam, the disposition, the disability, and the prognosis of this individual.

> "Physical exam revealed good ROM of his cervical and lumbar spine with only minimal tenderness noted.
>
> Disposition:
>
> The patient is released from office care on 9/11/07 with the advice to return should signs or symptoms recur.
>
> Disability:
>
> The patient may resume full activities with no restrictions.
>
> Prognosis:
>
> The prognosis is good for eventual complete recovery from the injuries sustained."

Contrary to the "bare" allegations contained in the Complaint of the plaintiff, it certainly does not appear that there are any permanent or significant injuries sustained by the plaintiff, even if the accident in question was not the fault of the plaintiff.

**B. And the Plaintiff's Claim for Bad Faith Against GEICO General Insurance Company is Likewise Premature**

Rhode Island General Law §9-1-33 has established a cause of action for the bad faith refusal of an insured's carrier "to timely perform its obligations under the contract of insurance." The Rhode Island Supreme Court has clarified the definition of bad faith

as an insurance carrier's "refusal to pay a claim when there is no lawful basis for the refusal coupled with the actual knowledge of that fact." Bartlett v. John Hancock Mutual Life Insurance Company, 538 A.2d 997, 1000 (RI 1988). The Court in Bartlett, went on to hold that the term "no lawful basis" "means that the insurer lacks the legitimate or arguable reason for failing to pay the claim." Id. The plaintiff in a bad faith claim must show that "the insurance company had no legal or factual defense to the insurance claim." Id.

More recently, the court, in the case of Skaling v. Aetna Insurance Company, 799 A.2d 997 (2002) has reiterated the fact that bad faith is established when the proof demonstrates that an insurer denies coverage or refuses payment without a reasonable basis in fact or law for the denial.

However, and most importantly, it has long been held under Rhode Island Law, as well as in the United States District Court for the District of Rhode Island, that there can be no cause of action for an insurance company's bad faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance. (Bartlett, 538 A.2d 997 (1998). See also Lamoureaux v. Merrimack Mutual Fire Insurance Company, 751 A.2d 1290 (RI 2000),Imperial Casualty & Indemnity Co. v. Bellini, 746 A.2d 130 (2000), Lewis v. Nationwide Mutual Insurance Company, 742 A.2d 1207 (2000), Paul Revere Life Insurance Co. v. Fish, 910 F. Supp. 58 (1996).

Simply stated, the plaintiff's alleged bad faith claim against the defendant in this matter is not, and presently cannot be considered to be, properly before this court.

**C. F.R.C.P. Rule 12(b)(1) - Lack of Subject Matter Jurisdiction**

Pursuant to Count I of the Complaint, paragraph 44, the plaintiff alleges that "plaintiff is an insured under the GEICO policy and is entitled to UIM benefits under the GEICO policy because his damages are in excess of the liability insurance coverage

available from the tortfeasor." Additionally, in the "ad-damnum clause" the plaintiff makes demand against GEICO "for the policy limits in the amount of $50,000.00, plus interest and costs."

It has clearly been established herein that the plaintiff's bad faith claim against GEICO is, at best, premature, and must be dismissed at the present time. Pursuant to 28 U.S.C. §1332, the United States District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and in which there is diversity of citizenship. Plaintiff, has in the very allegations and ad-damnum contained within the Complaint, demanded the sum of $50,000.00 against the defendant, Government Employees Insurance Company, for damages under the breach of contract claim. Furthermore, under both Rhode Island and Federal Law, the alleged "bad faith claim" is premature and cannot be pursued until such time as the plaintiff first establishes that the insured breached its duty under the contract of insurance. Therefore, the bad faith count must either be dismissed as being premature, or at a very minimum, be severed from the pending action. As such, the only remaining pending claim which can give rise to the "amount in controversy" requirement in 28 U.S.C. §1332 is the breach of contract claim, by which the plaintiff makes demand for the sum of "$50,000.00", plus interest and costs.

The amount in controversy requirement as recently been discussed in a Sixth Circuit Case entitled Schultz v. General R.V. Center, 011108 FED6, 06-2322. Therein, the court stated as follows:

> "Subject matter jurisdiction may be raised at any stage in the proceedings, including on appeal." Franzel v. Kerr, Mfg. Co., 959 F.2d, 628, 630 (6th Circuit 1992). When a statute conditions federal court jurisdiction on the satisfaction of an amount in controversy requirement, the failure to meet

the specified amount divests the federal court of subject matter jurisdiction. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). It is well settled that "if a plaintiff brings an action in federal court and a defendant seeks dismissal on amount – in – controversy grounds, the case will not be dismissed unless it appears that the plaintiff's assertion of the amount in controversy was made in bad faith." Gafford v. General Electric Co., 997 F.2d 150, 157 (6th Circuit 1993). A showing of bad faith is made if the defendant demonstrates "to a legal certainty that the original claim was really for less than the amount in controversy requirement." Id.

As such, in the instant case, even if the plaintiff's breach of contract claim were to lie at the present time, the plaintiff's breach of contract claim fails to meet the amount in controversy requirements under 28 USC §1332.

## III. SUMMARY OF ARGUMENT

It is clear from the Plaintiff's Amended Complaint that both the plaintiff's breach of contract and bad faith claim against Government Employees Insurance Company are premature. Plaintiff's only supporting documentation as identified in the Complaint for bringing such an action consists of reference to MRI reports taken of the plaintiff's cervical and lumbar spines dated February 23, 2007, which reveal nothing more than degenerative findings which pre-existed the incident in question. The plaintiff's Amended Complaint is void of any admissible evidence to prove that his damages exceed the insurance policy of the tortfeasor and qualify as an underinsured motorist claim. Other than the "bald assertions" contained in paragraph 10 and 44 of the Complaint, that the plaintiff's "damages are in excess of the liability insurance coverage available from the tortfeasor", there is absolutely no admissible evidence establishing

any of the plaintiff's damages, let alone proving that his damages are in excess of the tortfeasor's insurance policy. As the plaintiff has not established, through admissible evidence, that his claim qualifies as an underinsured motorist claim, the plaintiff's claim against Government Employees Insurance Company for breach of contract fails and must be dismissed.

The plaintiff's bad faith claim against Government Employees Insurance Company is also premature. Under Rhode Island Case Law, the plaintiff must show that Government Employees Insurance Company's failure to pay the plaintiff underinsured motorist benefits, as of the date of the filing of the Complaint, is a breach of the insurance contract. The breach occurs in the event that Geico General Insurance Company did not have a factual or legal basis for denying the plaintiff's underinsured benefits claim and further, that they had knowledge that their denial lacked a legal or factual basis.

In this case, there can be no breach of contract nor bad faith claim as GEICO has both a legal and factual defense to the plaintiff's underinsured motorist claim. The fact that the plaintiff has not presented admissible evidence to establish that his own damages, taking into consideration his own liability, exceed the tortfeasor's insurance policy, gives GEICO GENERAL INSURANCE COMPANY both a legal and factual basis to deny the plaintiff's underinsured motorist claim at the present time.

As such, as the plaintiff has failed to prove his underinsured motorist claim under Rhode Island Law, his breach of contract claim must fail, and further, his bad faith claim must fail.

Finally, as it clear under both Rhode Island and Federal Law that the plaintiff's bad faith claim must be severed or dismissed, the plaintiff's breach of contract claim fails to meet the "amount in controversy" requirement under 28 U.S.C. §1332.

## EXHIBITS

**Exhibit No. 1** Report – Martin J. Kerzer, D.O. 9/11/07.

Respectfully Submitted,
Defendant
GEICO General Insurance Company
By Its Attorneys
FINAN & GROURKE

/s/ Jeffrey P. Finan

Jeffrey P. Finan #3278
24 Spring Street
Pawtucket RI 02860
401-723-6800
401-726-6340 (fax)

## CERTIFICATION

I hereby certify that a copy of the within was filed through the ECF System on February 21, 2008 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey P. Finan

**EXHIBIT No. 1**

Martin J. Kerzer, D.O.
857 Post Road
Warwick, RI 02888

Report Data
Patient:
Robert George
Visit: 361568
Date: 09/11/07
Examiner: Martin Kerzer, D.O.

Allergies:
NKA

| Impressions: | Start | Stop |
| --- | --- | --- |
| Lumbar Disc | 08-21-07 C | |
| Neck and Back Sprain and Stra | 08-21-07 C | |

Misc

Office Note: Robert George presents today for a follow Up visit. He 1s feeling improved and has been doing his home exercises.

Physical exam revealed good ROM of his cervical and lumbar spine with only minimal tenderness noted.
The patient was advised to continue with the home exercise program.

Disposition:
The patient is released from office care on 09/11/07 with the advice to return should signs or symptoms recur.

Disability:
The patient may resume full activities with no restrictions.

Prognosis:
The prognosis is good for the eventual complete recovery from the injuries sustained

Causal Relationship:
It is my opinion to a reasonable degree of medical certainty, that the injuries sustained by the patient are causally related to the incident of 1/14/07 based on my examination, treatment, testing, and a history that was given to me by Robert George

Encounter Charges
Charges Diagnosis
Neck and Back Sprain and Strain(847)