UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE,
Plaintiff,

C.A. No. 07-466-S

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
Defendant.

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

## Introduction

Plaintiff, Robert George, ("Robert" or "plaintiff") filed suit against his automobile insurance carrier, Government Employees Insurance Company ("GEICO"), for common law breach of contract after GEICO refused to respond to his demands for underinsured motorist ("UIM") benefits, and for statutory bad faith failure or refusal to pay or settle his claim for UIM benefits pursuant to R.I. Gen. Laws § 9-1-33.[1] GEICO moved to dismiss these claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Contrary to GEICO's assertions, and as demonstrated below, plaintiff's first amended complaint ('the complaint") satisfies all jurisdictional and pleading requirements established by federal law, and GEICO's motions must be denied.

[1] R.I. Gen. Laws § 9-1-33 reads, in pertinent part, as follows: **Insurer's bad faith refusal to pay a claim made under any insurance policy. –** (a) Notwithstanding any law to the contrary, an insured under any insurance policy as set out in the general laws or otherwise may bring an action against the insurer issuing the policy when it is alleged the insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy, or otherwise wrongfully and in bad faith refused to timely perform its obligations under the contract of insurance. In any action brought pursuant to this section, an insured may also make claim for compensatory damages, punitive damages, and reasonable attorney fees.

**Statement of Facts**

On January 14, 2007, plaintiff was involved in an automobile accident with a tortfeasor who carried bodily injury liability insurance policy limits of $25,000. As a direct result of the accident, plaintiff sustained injuries to his neck and back, and most significantly, suffered a herniated lumbar disc. He experienced and continues to experience headaches and pain in his neck and back with numbness, tingling and burning in both arms and both legs. As explained and discussed during counsel's scheduling conference with the Court, Robert has incurred medical expenses in excess of $10,000, and is claiming lost wages and a loss of earning capacity of approximately. Plaintiff is only twenty (20) years old and has a life expectancy in excess of fifty years.[2]

Plaintiff filed suit against the tortfeasors in Rhode Island state court.[3] Since his damages exceed the $25,000 available to him under the tortfeasor's bodily injury liability insurance policy, plaintiff sought UIM benefits from GEICO. He forwarded all medical reports and corresponding bills to GEICO and made written demands for UIM benefits on three separate occasions. Not only did GEICO ignore his demands but, in complete disregard of R.I. Gen. Laws § 27-7-2.1,[4] insisted that plaintiff was required to recover the policy limits from the tortfeasor before it could even consider his UIM claim. As a direct result thereof, plaintiff filed the instant action against GEICO for common law breach of contract and for statutory bad faith.

---

[2] See R.I. Gen. Laws § 9-19-38 Proof of life or work life expectancy.

[3] The state court case, *Robert George v. Amanda Moore and Deborah Reese*, PC-07-2314, is pending in Providence County Superior Court.

[4] 27-7-2.1(h) reads: **Uninsured motorist coverage.** A person entitled to recover damages pursuant to this section shall not be required to make a claim against or bring an action against the uninsured or underinsured tortfeasor as a prerequisite to recover damages from the insurer providing coverage pursuant to this section.

The complaint alleges that plaintiff's injuries and damages exceed the $25,000 available to him under the tortfeasor's policy and that plaintiff is entitled to recover UIM benefits from GEICO. The complaint seeks UIM benefits in the amount of $50,000, the limits of plaintiff's UIM policy, and compensatory and exemplary (punitive) damages in the amount of $250,000 for bad faith. GEICO moves to dismiss these claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[5]

**Standard of Review**

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court must construe the complaint liberally, treat all well-pleaded facts as true, and indulge all reasonable inferences in favor of the plaintiff. *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). When the amount in controversy is contested, dismissal is appropriate only if on the face of the pleading it is apparent to a legal certainty that the claim is for an amount less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938).

The United States Supreme Court, in its recent abrogation of *Conley v. Gibson*, 355 U.S. 41 (1957), restated the Fed. R. Civ. P. 12(b)(6) standard as follows: "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Barkan v. Dunkin' Donuts, Inc*. 520 F.Supp.2d 333, 335-336 (D.R.I. 2007)

---

[5] Although captioned as a motion to dismiss pursuant to Rule 12(b)(6), defendant's motion contains one of plaintiff's medical records attached as "Exhibit 1." Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Courts, however, make an exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). When a complaint's factual allegations are linked to and dependent upon a document whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss. For this reason, plaintiff does not object to the review of this motion under the Rule 12(b)(6) standard.

quoting *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1969 (2007). A plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Bell Atlantic,* 127 S.Ct. at 1969. A District Court weighing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder. *Id.*

**Argument**

Subject matter jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1332(a).[6] Plaintiff is a resident of Rhode Island and GEICO is a resident of Maryland and diversity of citizenship is not in dispute. GEICO argues that the complaint does not satisfy the "matter in controversy" requirement of a sum in excess of $75,000, despite the fact that the complaint alleges damages in the sum of $300,000.

GEICO's jurisdictional argument is based upon the foregone conclusion, unsupported by any legal authority, that plaintiff's bad faith claim will be dismissed pursuant to 12(b)(6) and that with the breach of contract claim in the amount of only $50,000 remaining, the court will be automatically divested of jurisdiction. This conclusion ignores well-established case law and is lacking in any legal or rational basis.

First, the sum claimed by plaintiff controls if the claim is apparently made in good faith. GEICO does not contend, and there is no evidence to suggest, that plaintiff brought a frivolous

[6] 28 U.S.C. § 1332(a) provides, in pertinent part: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states.

claim for bad faith solely for the purpose of obtaining jurisdiction. It must appear to a legal certainly that the claim is really for less than the jurisdictional amount to justify dismissal. *Cruz v. Block Island Parasail, Inc.*, 2006 WL 889212 *1-2. (D.R.I.). Provided a plaintiff's claims are “colorable,” the court's inquiry does not focus on their probable success but rather on “whether to anyone familiar with the applicable law [the] claim could objectively have been viewed as worth” the jurisdictional minimum. *Jimenez Puig v. Avis Rent-A-Car Sys.*, 574 F.2d 37, 40 (1st Cir.1978); *Evans v. Yum Brands, Inc*. 326 F.Supp.2d 214, 221 (D.N.H.2004). Plaintiff sustained a herniated lumbar disc, headaches, pain and suffering and medical expenses. He is claiming lost wages and loss of earning capacity. He is only twenty years old and may continue to experience pain from this injury for more than fifty years. Based on these facts, it is certainly probable that plaintiff could recover $50,000 on his breach of contract claim and at least $25,001 on his bad faith claim in satisfaction of the jurisdictional threshold.[7]

Second, when punitive damages are recoverable as a matter of state law, as they are in the claim brought pursuant to R.I. Gen. Laws § 9-1-33, subject matter jurisdiction exists unless it is clear beyond a legal certainty that at the time the complaint was filed, that the plaintiff under no circumstances would be entitled to recover an amount sufficient to satisfy the jurisdictional amount. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974 (7th Cir. 2000). Again, based on the facts of this case, it is certainly probable that plaintiff could recover $50,000 on his breach of contract claim and at least $25,001 on his bad faith claim.

Third, defendant’s jurisdictional argument is based upon its inaccurate conclusion that the bad faith claim will be dismissed pursuant to 12(b)(6) as “premature,” leaving a $50,000 breach of contract claim that fails to satisfy the requirement of 28 U.S.C. § 1332(a). Defendant’s naïve

[7] Although defendant has on several occasions asserted that, Robert’s disc condition is “congenital,” it offers no support for that conclusion. And even if this speculation were true, the aggravation of a pre-existing condition leading to lifelong pain and discomfort is itself independently and fully compensable.

argument turns a blind eye to the oft-times invoked practice of this court to bifurcate and sever bad faith claims from breach of insurance contract claims for purposes of discovery and trial, but not to dismiss such claims as "premature." *See Skaling v. Aetna Ins. Co.,* 799 A.2d 997 (R.I. 2002); *Bartlett v. John Hancock Mut. Life Ins. Co.,* 538 A.2d 997 (R.I.1988); *Taco, Inc. v. Federal Ins. Co*. 2007 WL 4269810 (D.R.I. 2007). Defendant's memorandum of law does not provide any authority or compelling reason to deviate from this practice but in view of *Skaling* bifurcation no longer seems to have universal application. But whether or not bifurcated, the bad faith claims are part of the "amount in controversy."

Finally, even if this court were to bifurcate and sever the bad faith claim, "subsequent events such as a change in the amount in controversy will not deprive a court of jurisdiction." *Thesleff v. Harvard Trust Co.*, 154 F.2d 732, 732 n. 1 (1st Cir.1946); *see also Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182-83 (6th Cir.1993); *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990) (When part of a claim is dismissed pursuant to a motion for summary judgment and the remaining amount in controversy is below the jurisdictional amount, the court retains jurisdiction to hear the remaining claim.); 14A Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3702, at 35 (2d ed. 1985). See also *Nieves Domenech v. Dymax Corp*. 952 F.Supp. 57, (D.P.R. 1996) (Court retained jurisdiction following dismissal of all claims except a $40,000 breach of contact claim). For these reasons, GEICO's 12(b)(6) motion to dismiss the bad faith claim as "premature" is a nonstarter and incorrect.

Defendant's motion to dismiss the breach of contract claim pursuant to Rule 12(b)(6) is premised on the old *Conley v. Gibson* standard of review enunciated in *Bragg v. Warwick Shoppers World, Inc*., 227 A.2d 582 (1967), instead of the applicable federal standard of review established by *Bell Atlantic*. Federal Rule of Civil Procedure 8(a)(2) requires only " a short and

plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic* the United States Supreme Court retired the "no set of facts" language of *Conley v. Gibson* and stated "once a claim has been adequately stated it may be supported by showing any set of facts consistent with the allegation in the complaint." *Bell Atlantic*, 127 S.Ct at 1969.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint must put defendants on fair notice of the plaintiff's claim and allege sufficient facts to establish a plausible entitlement to relief. *Bell Atlantic,* 127 S.Ct. at 1967. A plaintiff need not plead sufficient facts to establish a *prima facie* case. *Swierkiewicz v. Sorema N.A.* 534 U.S. 506, 515, (2002) (cited with approval in *Bell Atlantic*, 127 S.Ct. at 1969). The allegations in the complaint must cross the line between the mere possibility of relief to the plausibility of relief. *Id.* at 1966. However, requiring "plausible grounds [for relief] ... does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [to support relief]." *Id.* at 1965. Even if the Court believes that the proof of the facts alleged is "very remote and unlikely," a well pleaded complaint may proceed. *Id.*

GEICO argues that plaintiff has failed to "prove" that his damages exceed the $25,000 available from the underlying tortfeasor based on <u>one</u> medical note from <u>one</u> of plaintiff's health care providers to boldly assert, "it certainly does not appear that there are any permanent or significant injuries sustained by the plaintiff." Def.'s Mem. 7. This convenient conclusion is typical of GEICO's refusal to acknowledge the severity of plaintiff's injury. First, the medical report attached to its pleading[8] contains the words, "lumbar disc," a reference to plaintiff's herniated lumbar disc, which is indeed a very significant injury. Second, the report is silent as to

[8] Plaintiff objects to GEICO including copies of his medical records in public filings and will address this breach of confidentiality by GEICO separately.

*when* the physician anticipates that the "eventual" complete recovery will be attained. Theoretically, it could be *years* before plaintiff achieves a "complete recovery," and that might only be due to the formation of osteophytes or other dangerous bony growth around the affected area, leaving him in a dangerous permanent situation. Third, the report is based on an *anticipated* prognosis; the physician cannot foresee plaintiff's future and the anticipated prognosis is subject to change. In sum, this single note report does not substantiate GEICO's so-called assessment of plaintiff's medical condition.

THE CUDDY DECISION

GEICO places much emphasis on *General Accident Insurance Company of America v. Cuddy*, 658 A.2d 13 (R.I. 1995). This emphasis is misplaced for several reasons. First, the *Cuddy* decision was made in the context of a summary judgment hearing. The instant matter is not before the court on a summary judgment motion. Here, plaintiff need only adequately state his claim and is not required to submit evidence in support of his contentions.

Fed. R. Civ. P. 8(a)(2) merely requires " a short and plain statement of the claim showing that the pleader is entitled to relief." The following excerpts from the complaint clearly and specifically provide the defendant with fair notice of plaintiff's claims and sufficient facts to provide notice of the grounds on which his claim rests:

"Robert's injuries and damages exceed the coverage available under either or both of the aforementioned policies." Complaint, ¶ 10.

" As a direct result of the actions and negligence of (the tortfeasors) Robert was thrown about inside his motor vehicle, suffering injuries to his person that have, in turn, caused him to (a) seek and undergo medical treatment and incur expense for the same, (b) suffer greatly in

body and mind, (c) suffer a loss of earnings or earning capacity, (d) be unable to carry on and conduct his normal daily activities, and (e) be otherwise greatly damnified." Complaint, ¶ 7.

"At the time of the motor vehicle accident of January 14, 2007, plaintiff was a nineteen (19) year old young man in excellent health with no history of medical treatment for his back or neck." Complaint, ¶ 13

"The cervical MRI report described a disc desiccation at C4-5 with bulge and spurring, and disc bulges at C5-6 and C6-7. The lumbar MRI report described an L5-S1 disc desiccation with herniation." Complaint, ¶ 14.

The complaint clearly provides detailed notice of plaintiff's injuries to GEICO. It provides notice of an UIM claim. It provides notice of plaintiff's young age, his prior history of excellent health, the specific findings of his cervical and lumbar MRI reports, his claims for pain and suffering, his claim for medical expenses, his claim for lost wages and his claim for lost earning capacity. Plaintiff's complaint has not only met, but has exceeded the level of specificity require by the Federal Rules.

Secondly, any suggestion that the factual setting in *Cuddy* has even the most remote relationship to the present case borders on being preposterous. In *Cuddy*, the responsible tortfeasor had a $300,000 policy and the evidentiary record indicated that the plaintiff's attorney sought to settle the claim for $80,000. When third party settlement was apparently not immediately forthcoming, Cuddy appears to have repeated that $80,000 offer to her own insurer (General Accident). Since the settlement demand was (on its very face) less than the $300,000 coverage available through the third party tortfeasor, General Accident sought a declaratory judgment that it need not respond to an <u>under</u>insured motorist claim.

In an apparent effort to press her position and perhaps engage in underinsured motorist arbitration proceedings (as opposed to litigation with the original tortfeasor), Cuddy attempted to buttress her opposition to summary judgment by including an affidavit stating that in her (personal) opinion, her bodily injury claim "had a value in excess of $300,000. As the *Cuddy* Court wryly pointed out, ten months earlier, she had authorized her attorney to offer to settle the claim for $80,000 in order to expedite settlement" (658 A.2d at 15). It also noted that the affidavit did not demonstrate knowledge or facts that would make Ms. Cuddy a competent witness. Indeed, Cuddy's affidavit opinion was based upon "conversation with my attorney and with family members" (658 A. 2d at 17). No other damage documentation suggesting that the claim had a value in excess of $300,000 was presented. Indeed (on Summary Judgment), Cuddy failed to prove <u>any</u> damages (658 A. 2d at 17).

Under the circumstances of the *Cuddy* case, it is abundantly clear that the plaintiff was improperly attempting to invoke underinsured motorist coverage. In contrast, the present case is one in which (under Rule 11 review) there is $25,000 in available third party tortfeasor coverage (against which GEICO has asserted a medical payments lien of $10,000, which if allowed would effectively reduce the underlying coverage to $15,000). Plaintiff claims more than $10,000 in medical expenses to date, permanent injuries, the possibility or probability (not yet fully determined) that future medication and/or treatment will also be necessary, lost earnings in excess of $20,000, pain and suffering and other damages. He has never sought to settle the third party claim, let alone has he ever suggested that his claim had a value of less than $25,000. Rather, he seeks all benefits available to him under all coverages and is doing so properly. Simply stated, *Cuddy* is totally inapplicable factually and legally to Robert's claims against GEICO.

WHEREFORE, plaintiff respectfully requests that defendant's motion be DENIED in each and every respect.

Robert George,
By his Attorney,

/s/ John B. Reilly, Esq.

Anita E. Flax (#3815)
John B. Reilly (#1811)
John Reilly & Associates
100 North Main Street
Providence, RI 02903
(401) 272-2800
(Fax) 272-2811

**CERTIFICATION**

I hereby certify that this document has been filed through the ECF system on March14, 2008 and will be sent electronically to the registered participant as identified on the Notice of Electronic Filing (NEF).

/s/ John B. Reilly, Esq.