UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE

VS. C.A. FILE NO.: 07-466-S

GEICO GENERAL INSURANCE
COMPANY

**DEFENDANT, GEICO GENERAL INSURANCE COMPANY'S, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes the defendant, GEICO General Insurance Company, and in Answer to the Plaintiff's First Amended Complaint, and in furtherance of the Stipulation correcting the caption of the First Amended Complaint entered into by and between the parties on May 22, 2008, herein responds as follows:

**PARTIES**

(1) The allegations set forth in Paragraphs 1 and 2 are admitted.

**JURISDICTION AND VENUE**

(2) The allegations set forth in Paragraphs 3 and 5 are admitted.

(3) The allegations set forth in Paragraph No. 4 regarding diversity of citizenship is admitted, and the defendant leaves the plaintiff to make such proof of the remaining allegations as he may be advised.

**FACTUAL BACKGROUND**

**The Accident of January 14, 2007 and Plaintiff's Personal Injuries**

(4) As to the allegations set forth in Paragraph No. 6, this defendant admits to the date, location, and ownership of the motor vehicles, and leaves the plaintiff to make such proof of the remaining allegations concerning reckless or negligent conduct as he may be advised.

(5) The allegations set forth in Paragraph No. 7 are denied.

**The Insurance Policies applicable to Plaintiff's Claims for Damages**

(6) The allegations set forth in Paragraphs 8 and 9 are admitted.

(7) The allegations set forth in Paragraph No. 10 are denied.

(8) As to the allegations set forth in Paragraph No. 11, this defendant is without sufficient knowledge thereof at this time, and leaves the plaintiff to make such proof thereof as he may be advised.

**Claims Activity**

(9) The allegations set forth in Paragraphs 12 and 13 are denied.

(10) As to the allegations set forth in Paragraph No. 14, this defendant admits to the letter of February 27, 2007, and neither admits nor denies the information relating to the MRI reports, leaving the plaintiff to make such proof thereof as he may be advised.

(11) As to the allegations set forth in Paragraph No. 15, this defendant neither admits nor denies same, as **Exhibit Three** does not contain the entire letter as identified therein.

(12) As to the allegations set forth in Paragraphs 16, 17, 18, 19, and 20, this defendant states that said paragraphs do not contain allegations of fact, but rather, alleged conclusions of law to which no response is required. To the extent that a response is required, this defendant denies same.

(13) The allegations set forth in Paragraph No. 21 are denied, as the letter of April 21, 2007 speaks for itself.

(14) As to the allegations set forth in Paragraph No. 22, this defendant states that the paragraph does not contain allegations of fact, but rather, alleged conclusions of law to which no response is required. To the extent that a response is required, same is denied.

(15) As to the allegations set forth in Paragraph No. 23, this defendant admits to the

letter of April 26, 2007, and denies the remaining allegations as set forth therein.

(16) As to the allegations set forth in Paragraph No. 24, this defendant states that said paragraph does not contain allegations of fact, but rather, alleged conclusions of law to which no response is required. To the extent that a response is required, same is denied.

(17) The allegations set forth in Paragraphs 25, 26, and 27 are denied.

(18) The allegations set forth in Paragraph No. 28 are denied, as the letter of July 26, 2007 speaks for itself.

(19) As to the allegations set forth in Paragraph No. 29, this defendant states that said paragraph does not contain allegations of fact, but rather, alleged conclusions of law to which to response is required. To the extent that a response is required, same is denied.

(20) The allegations set forth in Paragraphs 30 and 31 are denied.

(21) As to the allegations set forth in Paragraph No. 32, this defendant neither admits nor denies same, but states that the letter attached as **Exhibit Seven** speaks for itself.

(22) As to the allegations set forth in Paragraph No. 33, this defendant states that said letter identified in the paragraph contains alleged conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

(23) As to the allegations set forth in Paragraph No. 34, this defendant is without sufficient knowledge thereof at this time, and leaves the plaintiff to make such proof thereof as he may be advised.

(24) As to the allegations set forth in Paragraph No. 35, this defendant states that said paragraph does not contain allegations of fact, but rather, alleged conclusions of law to which no response is required. To the extent that a response is required, same is denied.

(25) The allegations set forth in Paragraphs 36, 37, 38, and 39 are denied.

(26) As to the allegations set forth in Paragraph No. 40, this defendant denies that said paragraph contains allegations of fact, but rather, alleged conclusions of law, to which no response is required. To the extent that a response is required, same is denied.

(27) The allegations set forth in Paragraphs 41 and 42 are denied.

(28) As to the allegations set forth in Paragraph No. 43, this defendant hereby incorporates by reference its answers to Paragraphs 1 through 43 of the Amended Complaint as if fully set forth below.

**COUNT I**

**Breach of Contract -- GEICO**

(29) As to the allegations set forth in Paragraph No. 44, this defendant admits that the plaintiff is an insured under the GEICO policy, and denies the remaining allegations as set forth therein.

**COUNT II**

**Bad Faith -- GEICO**

(30) The allegations set forth in Paragraphs 45 and 46 are denied.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

This defendant denies each and every allegation of breach of contract as alleged against it in the Amended Complaint of the plaintiff.

SECOND AFFIRMATIVE DEFENSE

This defendant denies each and every allegation of bad faith as alleged against it in the Amended Complaint of the plaintiff.

THIRD AFFIRMATIVE DEFENSE

This defendant affirmatively pleads the denial of performance of conditions precedent, in that the plaintiff has refused to provide requested information to the defendant as required under the policy contract and further, to fully comply with the terms and conditions of the policy contract.

FOURTH AFFIRMATIVE DEFENSE

As to Count I of the Amended Complaint, this defendant affirmatively pleads that the plaintiff has failed to prove, as required by Rhode Island law, his relief for "Underinsured Coverage" under the policy contract.

FIFTH AFFIRMATIVE DEFENSE

As to Count II of the Amended Complaint, this defendant affirmatively pleads the defense of failure to state a cause of action upon which relief may be granted, as the issue as to whether the defendant breached its obligations under the insurance contract has not yet been considered.

SIXTH AFFIRMATIVE DEFENSE

As to Count II of the Amended Complaint, this defendant denies that the plaintiff has met a condition precedent, in that the issue as to whether the defendant breached its obligations under the insurance contract has not yet been considered.

SEVENTH AFFIRMATIVE DEFENSE

This defendant generally denies all averments contained in the Amended Complaint of the plaintiff, except such designated averments as have been expressly admitted.

**JURY DEMAND**

This defendant hereby demands a trial by jury on all counts and all issues so triable.

The defendant,

GEICO General Insurance Company,

By its attorney,

FINAN & GROURKE

/s/Jeffrey P. Finan
Jeffrey P. Finan - #3278
24 Spring Street
Pawtucket, RI 02860
(401) 723-6800
(401) 726-5340 (fax)
jpf@finangrourke.com

CERTIFICATION

I hereby certify that this document has been filed through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 13, 2008

/s/Jeffrey P. Finan
Jeffrey P. Finan