# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE,
Plaintiff,

v. C.A. No. 07-466-S

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
Defendant.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES ADDRESSED TO DEFENDANT, GOVERNMENT EMPLOYEES INSURANCE COMPANY**

Plaintiff, Robert George ("hereinafter referred to as either "plaintiff" or "Robert"), pursuant to Rule 33 of the Federal Rules of Civil Procedure ("RCP"), hereby propounds the following interrogatories to defendant, Government Employees Insurance Company ("GEICO"), to be answered within the time provided by the R.C.P.

## I. INSTRUCTIONS

A. Scope of Discovery (Location and Custody of Documents and Information). These Interrogatories are intended and directed to cover all information in your possession, custody, control or in the possession of your employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by you or anyone else acting on your behalf or otherwise subject to your control.

B. Document No Longer in Possession. If any document requested is no longer in your possession, custody or control, state:

1. what was done with the document;
2. the author of the document;
3. a description of the document and its contents;
4. the identity and address of the current custodian of the document;
5. the person who made the decision to transfer or dispose of the document; and
6. the reasons for, and the date of, the transfer or disposal.

C. Lack of Information. If you currently lack information to answer any Interrogatory completely, please identify the responsive information currently available, the reason why it is unavailable, and any efforts that you intend to make or have made to secure the information.

D. Scope of Discovery (Time Period). Unless otherwise indicated, these Interrogatories apply to the time period from January 1, 2007, to the date of the trial of this action.

E. Supplemental Responses. These Interrogatories are continuing; supplemental answers must be filed consistent with Rule 26(e) of the RCP between the date these Interrogatories are answered and the trial of this action.

F. Document Production in Lieu of Written Responses. Whenever a full and complete answer to any Interrogatory or part of an Interrogatory is contained in a document or documents, the documents, if properly identified as answering a specific numbered Interrogatory or part of an Interrogatory, may be supplied in place of a written answer provided that the specific sections or pages from the document that are responsive to the Interrogatory are identified.

G. Estimates. Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates. In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

H. Singular/Plural. Words used in plural shall also be taken to mean and include singular. Words used in the singular shall also be taken to mean and include the plural.

J. "And" and "Or". The words "and" and "or" shall be constructed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

K. For each Interrogatory, identify and/or indicate:

1. each person who provided information upon which the response is based;
2. whether that person has personal knowledge of the facts contained in the response;
3. if the response to subparagraph (2) above is negative, identify the source of information;
4. all documents upon which you relied or to which you referred in answering or attempting to answer the Interrogatory, and describe all documents that relate to your answer.

L. Each interrogatory is intended to, and does, request that each and every, all and singular, the particulars and parts thereof, be answered with the same force and effect as if each part and particular were the subject of and were asked by a separate interrogatory.

M. Plaintiff incorporates, by reference, all applicable Local Rules of Practice as if fully set forth in and among these instructions to the Interrogatories.

## II. DEFEINITIONS

Unless otherwise indicated, the following definitions shall apply to these discovery requests:

A. "Robert" and/or "the Plaintiff" refers to the plaintiff, Robert George, his agents, servants, attorneys, family members, household members and any other person acting on his behalf.

B. "You" or "Your" a nd/or "GEICO" refers to defendant, Government Employees Insurance Company, and includes its agents, servants, employees, attorneys, successors, affiliates, officers, directors, assigns, and anyone else acting in or on its behalf.

C. The term "anyone acting in or on your behalf" includes, but is not limited to, your representative, attorneys, investigators, whether they be hired or appointed by you, your attorneys or their representatives, or a by a court of law.

D. "Reese" stands for Deborah Reese, an individual and citizen of Rhode Island described in plaintiff's original and amended complaints, as well as her agents, servants, employees, attorney(s), assigns, and anyone else acting in or on her behalf.

E. "Moore" refers to Amanda Moore, an individual and citizen of Rhode Island described in plaintiff's original and amended complaints, as well as her agents, servants, employees, attorney(s), assigns, and anyone else acting in or on her behalf.

F. "A.I.G." shall refer to the AIG Insurance Group, a foreign corporation authorized to transact an automobile liability insurance business in Rhode Island, as well as its agents, servants, employees, attorney(s), predecessors, successors, assigns, and any other person acting in or on its behalf.

G. The "Accident" sh all refer to the motor vehicle accident described in Robert's complaint which occurred on or about January 14, 2007, in a parking lot access area located at or in the vicinity of 444 Quaker Lane in Warwick, Rhode Island.

I. "Person" means any natural person, cooperation, association, firm, partnership, or other business or legal entity, and officers, employees, agents, servants or representatives of such entities, as the context requires.

J. "Communication" means any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever.

K. "Identification of Communication". Whenever in these Interrogatories there is a request to identify a "communication", it is intended to request that you state or identify:

(a) the date of the communication;

(b) the place where it occurred;

(c)each person who originated, received, participated in or was present during such communication;

(d)the type of communication (e.g., letter, memorandum, telegram, telephone conversation, etc.);

(e) the substance of the communication; and

(f) each document relating, referring to, or comprising such communication.

L. Identification of a "Document". Whenever in these Interrogatories there is a request to identify a "document", it is intended that you state or identify:

(a) its date;

(b) it author and signatory;

(c) its address(es) and all other persons receiving copies;

(d)the type of document (e.g. letter, memorandum, contract, report, accounting record, etc.);

(e) it is title;

(f) its substance;

(g) its number of pages;

(h) its custodian;

(i) to whom the document was submitted and when;

(j) its present or last known location; and

(k)if the document was, but no longer is, in your possession or subject to your control, state where and in whose possession or control it rests.

M. "Document" means the original (or, if the information called for cannot be provided or referred to as the original, then each and every non-identical copy thereof) of any writing, drawing, chart, data compilation, graphic matter or other medium upon which intelligence or information can be recorded or retrieved, including, without limitation, photographs, correspondence, notes, inter-office and intra-office communications, declarations, filings, memoranda, agreements, contracts, legal instruments, financial statements, notebooks, scrapbooks, diaries, minutes, minutes of meetings. Calendars, schedules, projections, accounts, journals, ledgers, bills, invoices, checks, receipts and the like, notes or transcripts of telephone conversations, sound recordings, and any other retrievable date (whether recorded, taped, punched or coded, electrostatically, electromagnetlically, on computer or otherwise), in your possession, custody or control and/or known to you wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication or routing or other material contained thereon or attached thereto, or otherwise), and whether a draft or final version).

N. "Concerning" means referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, explaining, constituting, evidencing, pertaining to or memorializing.

## III. INTERROGATORIES

Accordingly, without limitation by virtue of the foregoing instructions and definitions, the following questions are addressed to you:

1. Give the exact and complete name, date of birth, any other nickname or alias by which he or she has ever been known, job title and description, and business address of the person answering these questions on behalf of GEICO.

2. Identify by name, address, and position held each employee of GEICO who has been involved in the handling of the claim or claims presented by or on behalf of Robert from January 1, 2007 and at any time since then.

3. Give the Rhode Island insurance adjusting license number for each person identified in your answer to the previous question, stating the length of time during which such individual has held such license and whether that license (or any other insurance claims representative or adjusting license held by that person in any other jurisdiction) has ever been suspended, revoked or restricted in any jurisdiction. If any such negative action has occurred, kindly state the substance of the same.

4. Give the name and address of each person known or believed by you or GEICO to have knowledge and/or to have been an actual witness to any of the transactions and events alleged in Robert's complaint, your answer to the same, your counterclaim, or the Accident, events and communications described by you in these answers to interrogatories. If you have knowledge that any such person is related to another by blood or marriage, or that any such person works or has ever worked for GEICO, please identify that person and such relationship.

5. State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert state his or her:

a. name, home address, business address and occupation;

b. educational background including schools, colleges, universities attended, and as to each the certificate or degree thereof;

c. field of expertise and a description of the license or licenses held by such expert with respect thereto, including the period of each license and the name of the issuing officer or agency;

d. the subject matter upon which each person is expected to testify, to include the substance of the facts, opinions and/or conclusions to which the person is expected to testify and a summary of the grounds for each opinion.

6. If you, or of to your knowledge any of the other parties. persons or witnesses (including expert witnesses) identified in your responses to interrogatories has or have ever been convicted or pleaded guilty to any criminal offense, give the date of each such plea or conviction, the name and address of each court or other tribunal (including military) before which such matter was heard, and give the final disposition/sentence of any and all such cases.

7. Identify each employee of GEICO during the period January 1, 2007 through and including the present, and at any time hereafter who has directly worked upon or supervised any and all aspects of the claims presented by Robert (including those described in his original and amended complaints), setting forth the dates during which each such person was employed by GEICO, his/her job title and duties, and further specifying which such employees no longer work for GEICO and the reason for the termination of their employment relationship with GEICO.

8. Please describe and identify all standard files and/or other records maintained by GEICO with respect to the claims made by Robert during the period from January 1, 2007 and at any time thereafter.

9. Please identify any records, files or documents (including electronic files and electronic mail messages) concerning the claim presented to GEICO by or on behalf of Robert during the period from January 1, 2007, through the present which have been destroyed, lost or otherwise disposed of and explain why, when and/or how any such records came to be disposed of, lost or destroyed.

10. Identify all tape recordings or other sound or visual recordings or conversations between any representative of GEICO and Robert from January 1, 2007 to the present.

11. Identify any photographs, pictures, video films, drawings, charts, diagrams, or other visual representation showing any tangible objects related to the allegations of Robert's original and/or amended Complaint, your answer and/the Accident or parties involved.

12. To the extent not done in your answer to the preceding interrogatories, set forth any other claims for offsets, costs, unpaid premiums, defenses or other such things which you claim GEICO is entitled to recover from Robert, particularizing the basis of any such claim or defense and the manner (including all components thereof) in which each and any such claim or offset amount has been calculated.

Robert George
By his Attorney,

[signature]

John B. Reilly, Esq. (#1811)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, Rhode Island 02903
(401) 272-2800
Fax: (401) 272-2811

**CERTIFICATION**

I hereby certify that a copy of the within has been sent to the following attorney(s) of record for defendant, this 1st day of April, 2008:

Jeffrey P. Finan, Esq.
Finan & Grourke
24 Spring Street
Pawtucket, RI 02860

[signature]