UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE,
Plaintiff

C.A. No. 07-466-S

v.

GEICO General Insurance Company,
Defendant

**PLAINTIFF, ROBERT GEORGE'S, MOTION TO COMPEL MORE RESPONSOVIE DOCUMENT PRODUCTION OF DEFENDANT**

Plaintiff, Robert George, hereby moves pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, that this Court enter an order, compelling defendant to more responsively answer and produce documents as hereafter described that were contained in plaintiff's first request for production of documents (copy of complete request at **Exhibit "A"**) and of response at **Exhibit "B"** within twenty (20) days of the entry of an order in this regard:

Request 4: All records, memoranda, training manuals, bulletins or other written documentation that was generally available and circulated or distributed to your claims representatives (including specifically those involved in the handling of the claims presented by plaintiff) that discussed or described underinsured motorist automobile coverage in Rhode Island at the time of the event date described in plaintiff's complaint. (NOTE: this request does not seek any communications from defense counsel after litigation was commenced.)

Response: Objection, as said request seeks documentation which is privileged and confidential in nature, which does or may include trade secrets of the defendant.

Information Sought: This information is discoverable and, if necessary, plaintiff will enter into a confidentiality agreement if "trade secret" information does indeed exist.

Request 6: All records pertaining to the sale or proposed cancellation of the policy or increase in premiums charged for the policy that is applicable to the events described in plaintiff's complaint that have been issued or as to which notice has been given at any time since the event date described in plaintiff's complaint.

Response: Objection, as said request seeks information and/or documentation not reasonably calculated to lead to the discovery of admissible evidence in relation to the plaintiff's claims.

Information Sought: This question is certainly relevant to the extra-contractual claims, and should be furnished.

Request 9: Copies of all state of Rhode Island adjusting licenses held by all persons employed by the defendant who worked on and/or have handled, evaluated, "adjusted" or been decision makers with respect to the claims that have been made by the plaintiff in this action.

Response: Objection as to the scope of said request, as said request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, the defendant will produce the licenses of those individual employees of the defendant actively involved in the handling of the underinsured motorist claim presented by the plaintiff.

Information Sought: Plaintiff has never received copies of any licenses of any individual employees. Furthermore, the medical payments coverage is at issue and those who handled medical payments matters with respect to a Rhode Island claim should also be licensed. Therefore, this complete information should be furnished.

Request 11: Copies of any applications for the policy applicable to the claims presented in this action or for amendments and changes to the policy received by you at any time from the time it was first issued to the time that these document production requests have been served.

Response: Objection, as said request seeks documentation not reasonably calculated to lead to the discovery of admissible evidence, as there is no allegation made by this defendant that the policy was not in full force and effect at the time of the accident giving rise to the plaintiff's claims.

Information Sought: This information might reasonably lead to the discovery of admissible evidence, and, certainly, cannot be blandly asserted not to have such potential capability. Accordingly, it should be produced.

Request 12: Copies of any reports you have received in the course of your investigation of the claims presented by plaintiff in this action from so-called "Index" bureaus or other such entities that purport to provide information concerning the past medical and/or claims history of the plaintiff.

Response: Objection, as said request seeks documentation prepared in anticipation of attorney/work product.

Information Sought: Now that Mr. George has now given deposition testimony, there seems to be no logical basis or reason for the withholding of this information which cannot be said to be something that might not lead to the discovery of admissible evidence.

Request 16: A list of all companies or entities providing surplus or reinsurance coverage (if any) with respect to the claims asserted by the plaintiff in this action.

Response: Objection, as said request seeks privileged and/or confidential information.

Information Sought: How the identity of reinsurers (if any) would be privileged or confidential is totally unclear, particularly since Rule 26(a)(1)(A)(iv) (relating to automatic initial disclosures) requires that such insurance agreements be produced if they exist. This information is relevant and should be furnished.

Request 17: Written documentation (if any) of any claims for damages, unpaid premiums, set-offs, medical payments or other items that you are presenting, making or asserting as offsets as a result of the issuance of the policy, the accident, or any other matter described in the complaint or your response to the complaint.

Response: Defendant incorporates by reference its Response to Request No. 14.

Information Sought: The response merely makes reference to copies of the policy that have been furnished but is evasive as regards to this actual question. If there are none, it should be so stated, otherwise, copies of relevant documents should be furnished without delay.

Request 21: Originals or copies of any statements or recordings concerning the events or occurrences alleged in the Complaint and/or Answer made or taken by you of:

(a) the plaintiff(s) or party/parties having served these requests upon you, or their agents, servants, employees or attorneys;

(b) any witnesses to the events or occurrences alleged in the Complaint and/or Answer;

(c) the insurance company or companies providing insurance to you, the plaintiff(s) or any other party/parties to this action for any portion of the loss sustained as a result of the incident alleged in the Complaint and/or Answer;

Response: Objection, as said request seeks documentation consisting of attorney work product, documentation prepared in anticipation of litigation, and documentation which is otherwise privileged. Without waiving said objection, the defendant identifies the following:

(a) All documentation produced by the defendant as part of its disclosures provided on or about May 6, 2008.

(b) All pleadings, discovery requests and discovery responses filed by plaintiff in relation to this litigation.

(c) All pleadings, discovery requests, and discovery responses filed by plaintiff in relation to C.A. File No.: PC07-2314, filed by the plaintiff in the Providence County Superior Court.

Information Sought: It is defendant's obligation to identify any and all such statements or recordings even if a privilege is asserted.

Request 22: Any or all other reports, statements, memoranda, notices, correspondence and all other papers maintained and/or in your possession or that of your agents, servants or employees in any way concerning or related to any of the events, occurrences and allegations in the Complaint and/or Answer (excluding communications from your attorney).

Response: Objection as said request is overly broad, unduly burdensome, seeks documentation consisting of attorney and/or party work product, and documentation which is otherwise privileged.

Information Sought: In accordance with this Court's observations during a conference with counsel, this is a type of information that should be revealed. If there are any alleged privileges, the documents should be identified and a privilege log created so that we may asses this supposed privilege.

Request 25: Copies of all requests made with or in association with the use of an Authorization of the Release of Confidential Information and all medical reports or records received as a result of and all such requests.

Response: Objection as said request seeks attorney and/or party work product. Without waiving said objection, the defendant produces the following pursuant to Exhibit 3.

1. February 19, 2007 letter from Charis Walker to Robert George, 20 Netop Drive, Providence, RI 02907

Information Sought: It seems clear that Geico has set up some sort of "Chinese Wall" that is unknown to its policyholders whereby authorizations sent to its medical payments department never find its way to liability or underinsured motorist liability adjusters. Medical payments is an issue in this case, and, furthermore, any use of the authorization, which by its nature and essence required that copies be furnished to this office, is certainly relevant and should be furnished without further delay.

In accordance with the Local Rules of this Court, no separate memorandum of law seems required in support of this motion. Furthermore, it is certified that the movant has, in good faith, conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without Court action.

Robert George,
by his attorney,

/s/ John B. Reilly

John B. Reilly, Esq. (#1811)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, Rhode Island 02903
Tel: (401) 272-2800
Fax: (401) 272-2811

**CERTIFICATION**

I hereby certify that a true copy of the within has been filed through the ECF System and will be sent electronically to the following attorney of record for defendant, this 3rd day of July, 2008:

Jeffrey P. Finan, Esq.
Finan & Grourke
24 Spring Street
Pawtucket, RI 02860

/s/ John B. Reilly