# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE,
Plaintiff,

v. C.A. No. 07-466-S

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
Defendant

**PLAINTIFF' S FIRST REQUEST FOR DOCUMENT PRODUCTION TO DEFENDANT**

In accordance with Rule 34 of the Federal Rules of Civil Procedure ("F.R.C.P."), plaintiff requests that that defendant produce, for copying and inspection, the documents described in Section III hereof within the time prescribed by the F.R.C.P.

## I. INSTRUCTIONS

A. The documents and/or items specified below are to be produced, for copying and inspection, at the offices of John Reilly & Associates, 100 North Main Street, Providence, Rhode Island 02903, within the time prescribed by the F.R.C.P.

B. Respond to each request for production of documents in full. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, giving the reason why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

C. As to any requested documents to which any claim of privilege is made or to which any claim of protection from discovery is made under Rule 26(b)(2) of the F.R.C.P., identity the privilege or Rule upon which you reply and set forth the facts upon which such claim is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claimed privilege.

## II. DEFINITIONS

A. "Robert" and/or "Plaintiff" refers to the plaintiff, Robert George, his agents, representatives, family members, and any other person acting on his behalf.

B. "You" or "your" refers to the defendant, its agents, parents, subsidiaries, affiliates, representatives, servants, employees and any other person acting on its behalf.

C. The "policy" shall refer to the contract or policy of insurance that ostensibly provides automobile liability insurance coverage to Plaintiff at the time of the incident, accident or events described in the complaint and/or your answer or response to the complaint.

D. The "Event Date" will refer to the date upon which an accident took place as described in the complaint.

E. "Site" shall refer to the place at which it is alleged that an accident took place. This will include those areas, streets, public ways, sidewalks, crosswalks, highways, intersections and/or other such places at or in the immediate vicinity of the place of the accident described in the complaint.

F. "Person" means any natural person, corporation, association, firm, partnership, or other business or legal entity, and officers, employees, agents, servants or representatives of such entities, as the context requires.

G. "Communication" means any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever.

H. "Document" means the original (or, if the information called for cannot be provided or referred to as the original, then each and every non-identical copy thereof) of any writing, drawing, chart, data compilation, graphic matter or other medium upon which intelligence or information can be recorded or retrieved, including, without limitation, photographs, correspondence, notes, inter-office and intra-office communications, declarations, filings, memoranda, agreements, contracts, legal instruments, financial statements, notebooks, scrapbooks, diaries, minutes, minutes of meetings, calendars, schedules, projections, accounts, journals, ledgers, bills, invoices, checks, receipts and the like, notes or transcripts of telephone conversations, sound recordings and any other retrievable data (whether recorded, taped, punched or coded, electrostatically, electromagnetically, on computer or otherwise), in your possession, custody or control or known to you wherever located, however, produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication or routing or other material contained thereon or attached thereto, or otherwise), and whether a draft or final version.

I. "Concerning" means referring to, alluding to, responding to, relating to, connected with, commenting on' in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, explaining, constituting, evidencing, memorializing or pertaining to.

J. The word "and" and the word "or" shall, where context permits, be deemed to include the plural, and the words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine or neuter genders.

## III. DOCUMENTS OR ITEMS TO BE PRODUCED

Accordingly (without limitation by the foregoing instructions and definitions), the following are to be produced:

1. Any photographs, pictures, films or videotapes which show the condition of the site before, on, and/or at any time after the event date described in plaintiff's complaint.

2. Any photographs, pictures, films or videotapes which show the condition of the vehicles, or any portion of the vehicles being used by the parties to the accident, either before, on and/or after the event date described in plaintiff's complaint.

3. Copies of any and all reports submitted by experts whom you or your attorney intend to call at the trial of this action.

4. All records, memoranda, training manuals, bulletins or other written documentation that was generally available and circulated or distributed to your claims representatives (including specifically those involved in the handling of the claims presented by plaintiff) that discussed or described underinsured motorist automobile coverage in Rhode Island at the time of the event date described in plaintiff's complaint. (NOTE: this request does not seek any communications from defense counsel after litigation was commenced.)

5. The curriculum vitae of any expert that you intend to have testify on your behalf at any trial on the merits of this action.

6. All records pertaining to the sale or proposed cancellation of the policy or increase in premiums charged for the policy that is applicable to the events described in plaintiff's complaint that have been issued or as to which notice has been given at any time since the event date described in plaintiff's complaint.

7. Any financing agreements related to the premiums paid for the policy that was in effect and which relates to the accident on the day of the event described in plaintiff's complaint.

8. Copies of all accident reports (including, but not limited to, police reports) known to you and whether or not authored by you pertaining and which relate to any the incident which occurred on the event date as described in plaintiff's complaint.

9. Copies of all state of Rhode Island adjusting licenses held by all persons employed by the defendant who worked on and/or have handled, evaluated, "adjusted" or been decision makers with respect to the claims that have been made by the plaintiff in this action.

10. Copies of all tape recordings, transcripts of tape recordings) and/or written statements (signed or unsigned) or other reports concerning how the accident took place or plaintiff's injuries or damages, given by or taken from the plaintiff at any time on or after the event date.

11. Copies of any applications for the policy applicable to the claims presented in this action or for amendments and changes to the policy received by you at any time from the time it was first issued to the time that these document production requests have been served.

12. Copies of any reports you have received in the course of your investigation of the claims presented by plaintiff in this action from so-called "Index" bureaus or other such entities that purport to provide information concerning the past medical and/or claims history of the plaintiff.

13. Copies of any other insurance policies or claim documents (such as a proof of loss or other letters or communication) which you have in your possession or control concerning any other claims of any kind plaintiff has made with respect to any of the damages described in the complaint or any previous claims for damages made by plaintiff or on plaintiff's behalf.

14. Certified copies of the policy and any amendments to the policy or policies which may have provided coverage for the accident and damages claimed by the plaintiff as described in the complaint.

15. Copies of any and all written communications, either before or after the event date, with any representative of the plaintiff (as defined above) concerning the policy under which this claim is being made, any premium payments allegedly not paid at the time of the accident, and any reservations of rights letters sent to the same or to the plaintiff with respect to the policy and/or the accident described in the complaint.

16. A list of all companies or entities providing surplus or reinsurance coverage (if any) with respect to the claims asserted by the plaintiff in this action.

17. Written documentation (if any) of any claims for damages, unpaid premiums, set-offs, medical payments or other items that you are presenting, making or asserting as offsets as a result of the issuance of the policy, the accident, or any other matter described in the complaint or your response to the complaint.

18. All written documentation showing repairs to any vehicle involved in the accident described in the complaint taken prior to, on and since the event date.

19. All photographs, drawings, charts, maps, models or diagrams of the site, taken or compiled before, upon or after the event date.

20. All objects or instrumentalities in your possession alleged or believed by you to be involved in the event which is the subject of this litigation.

21. Originals or copies of any statements or recordings concerning the events or occurrences alleged in the Complaint and/or Answer made or taken by you of:

(a) the plaintiff(s) or party/parties having served these requests upon you, or their agents, servants, employees or attorneys;

(b) any witnesses to the events or occurrences alleged in the Complaint and/or Answer;

(c) the insurance company or companies providing insurance to you, the plaintiff(s) or any other party/parties to this action for any portion of the loss sustained as a result of the incident alleged in the Complaint and/or Answer; and

22. Any or all other reports, statements, memoranda, notices, correspondence and all other papers maintained and/or in your possession or that of your agents, servants or employees in any way concerning or related to any of the events, occurrences and allegations in the Complaint and/or Answer (excluding communications from your attorney).

23. The original or copy of each document or other exhibit you or your attorneys intend to offer as an exhibit at trial.

24. All written or other documentary evidence which relates to your defenses.

25. Copies of all requests made with or in association with the use of an Authorization of the Release of Confidential Information and all medical reports or records received as a result of and and all such requests.

Robert George
By his attorney,

John B. Reilly (#1811)
John Reilly & Associates
100 North Main Street
Providence, RI 02903
(401) 272-1800
FAX: (401) 272-2811

**CERTIFICATION**

I hereby certify that a copy of the within has been sent to the following attorney(s) of record for defendant, this 9th day of April, 2008:

Jeffrey P. Finan, Esq.
Finan & Grourke
24 Spring Street
Pawtucket, RI 02860

[signature]