# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE

VS. C.A. NO. 07-466S

GEICO GENERAL INSURANCE COMPANY

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the defendant, GEICO General Insurance Company, in relation to the above captioned claim, and, herein responds to the Plaintiff' First Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

A. Defendant objects to the Request for Production of Documents to the extent it calls for information that is protected from discovery by the attorney/client privilege, attorney work product doctrine, Rules of Civil Procedure, and any other applicable privilege or doctrine, and/or is otherwise outside of the scope of the Rules of Civil Procedure. To the extent that any such information is or may be divulged in response to the Request for Production of Documents, the divulging of any such information is inadvertent and is not to be deemed a waiver of the privilege in question, or any other applicable privilege with respect to the divulged information or any other information.

B. Defendant reserves the right to supplement, modify, or add to its responses to the Request for Production of Documents, although the defendant does not hereby undertake to do so except to the extent required by the Rules of Civil Procedure.

C. Subject to the general objections set forth herein, the defendant will respond to the Request for Production of Documents by furnishing such information as has not previously been furnished, is in its possession, custody or control, and is currently available to it as required by the Rules of Civil Procedure. Defendant accordingly objects to the Request for Production of Documents to the extent that they purport to impose upon the defendant any different obligation with respect to answering the Request for Production of Documents or to the extent that the Request for Production of Documents purports to create any inference or representation as to the Defendant's specific responses to the Request for Production of Documents not specifically recognized by the Rules of Civil Procedure.

D. The defendant objects to the Request for Production of Documents to the extent that it seeks any type of work product or attorney/client privilege material in relation to the claim.

E. Any designation by the defendant that a document or documents are responsive to a particular numbered question, request, or requests does not suggest or imply that any such document is not potentially or actually responsive to another numbered request.

F. Defendant generally objects to the instructions and definitions contained in the Plaintiff's First Request for Production of Documents to the extent that they seek to expand

FINAN & GROURKE
ATTORNEYS AT LAW
24 SPRING ST.
PAWTUCKET,
RHODE ISLAND 02860
(401) 723-6800

the required responses under the Rules of Civil Procedure.

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST NO. 1.** Any photographs, pictures, films or videotapes which show the condition of the site before, on, and/or at any time after the event date described in plaintiffs complaint.

**RESPONSE:** Previously produced the Rule 26(a)(1) disclosures of the defendant on or about May 6, 2008.

**REQUEST NO. 2.** Any photographs, pictures, films or videotapes which show the condition of the vehicles, or any portion of the vehicles being used by the parties to the accident, either before, on and/or after the event date described in plaintiffs complaint.

**RESPONSE:** Previously produced the Rule 26(a)(1) disclosures of the defendant on or about May 6, 2008. Additionally, defendant incorporates by reference its Response to Request No. 18.

**REQUEST NO. 3.** Copies of any and all reports submitted by experts whom you or your attorney intend to call at the trial of this action.

**RESPONSE:** Objection as to the scope of said request, as said request is overly broad, and unduly burdensome. Without waiving said objection, there are not such reports which have been prepared at the present time. The defendant does reserve the right to supplement this response as required by the Rules of Civil Procedure.

**REQUEST NO. 4.** All records, memoranda, training manuals, bulletins or other written documentation that was generally available and circulated or distributed to your claims representatives (including specifically those involved in the handling of the claims presented by plaintiff) that discussed or described underinsured motorist automobile coverage in Rhode Island at the time of the event date described in plaintiff s complaint. (NOTE: this request does not seek any communications from defense counsel after litigation was commenced.)

**RESPONSE:** Objection, as said request seeks documentation which is privileged and confidential in nature, which does or may include trade secrets of the defendant.

**REQUEST NO. 5.** The curriculum vitae of any expert that you intend to have testify on your behalf at any trial on the merits of this action.

**RESPONSE:** None at this time; the defendant reserves the right to supplement this response pursuant to the Rules of Civil Procedure.

**REQUEST NO. 6.** All records pertaining to the sale or proposed cancellation of the policy or increase in premiums charged for the policy that is applicable to the events described in plaintiff s complaint that have been issued or as to which notice has been given at any time since the event date described in plaintiff s complaint.

**RESPONSE:** Objection, as said request seeks information and/or documentation not reasonably calculated to lead to the discovery of admissible evidence in relation to the

FINAN & GROURKE
ATTORNEYS AT LAW
24 SPRING ST.
PAWTUCKET,
RHODE ISLAND 02860
(401) 723-6800

plaintiff's claims.

**REQUEST NO. 7.** Any financing agreements related to the premiums paid for the policy that was in effect and which relates to the accident on the day of the event described in plaintiff's complaint.

**RESPONSE:** Objection, as said request seeks information and/or documentation not reasonably calculated to lead to the discovery of admissible evidence in relation to the plaintiff's claims. Furthermore, there has been no affirmative defenses raised that the policy was not in effect as of the date of the accident described in the plaintiff's complaint.

**REQUEST NO. 8.** Copies of all accident reports (including, but not limited to, police reports) known to you and whether or not authored by you pertaining and which relate to any the incident which occurred on the event date as described in plaintiffs complaint.

**RESPONSE:** Previously produced the Rule 26(a)(1) disclosures of the defendant on or about May 6, 2008.

**REQUEST NO. 9.** Copies of all State of Rhode Island adjusting licenses held by all persons employed by the defendant who worked on and/or have handled, evaluated, "adjusted" or been decision makers with respect to the claims that have been made by the plaintiff in this action.

**RESPONSE:** Objection as to the scope of said request, as said request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, the defendant will produce the licenses of those individual employees of the defendant actively involved in the handling of the underinsured motorist claim presented by the plaintiff.

**REQUEST NO. 10.** Copies of all tape recordings, transcripts of tape recordings) and/or written statements (signed or unsigned) or other reports concerning how the accident took place or plaintiff s injuries or damages, given by or taken from the plaintiff at any time on or after the event date.

**RESPONSE:** Previously produced the Rule 26(a)(1) disclosures of the defendant on or about May 6, 2008.

**REQUEST NO. 11.** Copies of any applications for the policy applicable to the claims presented in this action or for amendments and changes to the policy received by you at any time from the time it was first issued to the time that these document production requests have been served.

**RESPONSE:** Objection, as said request seeks documentation not reasonably calculated to lead to the discovery of admissible evidence, as there is no allegation made by this defendant that the policy was not in full force and effect at the time of the accident giving rise to the plaintiff's claims.

**REQUEST NO. 12.** Copies of any reports you have received in the course of your investigation of the claims presented by plaintiff in this action from so-called "Index" bureaus or other such entities that purport to provide information concerning the past medical and/or claims history of the plaintiff.

FINAN & GROURKE
ATTORNEYS AT LAW
24 SPRING ST.
PAWTUCKET,
RHODE ISLAND 02860
(401) 723-6800

**RESPONSE:** Objection, as said request seeks documentation prepared in anticipation and attorney/work product.

**REQUEST NO. 13.** Copies of any other insurance policies or claim documents (such as a proof of loss or other letters or communication) which you have in your possession or control concerning any other claims of any kind plaintiff has made with respect to any of the damages described in the complaint or any previous claims for damages made by plaintiff or on plaintiff s behalf.

**RESPONSE:** Objection, as to the scope of said request. Without waiving said objection, the defendant states that there are no other insurance policies in its possession, custody or control other than the policy produced pursuant to Request No. 14.

**REQUEST NO. 14.** Certified copies of the policy and any amendments to the policy or policies which may have provided coverage for the accident and damages claimed by the plaintiff as described in the complaint.

**RESPONSE:** Produced as Exhibit 1.

**REQUEST NO. 15.** Copies of any and all written communications, either before or after the event date, with any representative of the plaintiff (as defined above) concerning the policy under which this claim is being made, any premium payments allegedly not paid at the time of the accident, and any reservations of rights letters sent to the same or to the plaintiff with respect to the policy and/or the accident described in the complaint.

**RESPONSE:** Objection, as said request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and further, appears to seek documentation consisting of work product and prepared in anticipation of litigation and/or arbitration. Furthermore, the defendant does not allege that premium payments were not paid or received at the time of the accident.

**REQUEST NO. 16.** A list of all companies or entities providing surplus or reinsurance coverage (if any) with respect to the claims asserted by the plaintiff in this action.

**RESPONSE:** Objection, as said request seeks privileged and/or confidential information.

**REQUEST NO. 17.** Written documentation (if any) of any claims for damages, unpaid premiums, set-offs, medical payments or other items that you are presenting, making or asserting as offsets as a result of the issuance of the policy, the accident, or any other matter described in the complaint or your response to the complaint.

**RESPONSE:** Defendant incorporates by reference its Response to Request No. 14.

**REQUEST NO. 18.** All written documentation showing repairs to any vehicle involved in the accident described in the complaint taken prior to, on and since the event date.

**RESPONSE:** Previously produced the Rule 26(a)(1) disclosures of the defendant on or about May 6, 2008. Additionally, defendant produces the property damage estimate of record apparently prepared by Carolyn Valois on or about January 24, 2007, as well as two photographs, apparently reflecting the damage to the Reese vehicle as Exhibit 2.

FINAN & GROURKE
ATTORNEYS AT LAW
24 SPRING ST.
PAWTUCKET,
RHODE ISLAND 02860
(401) 723-6800

**REQUEST NO. 19.** All photographs, drawings, charts, maps, models or diagrams of the site, taken or compiled before, upon or after the event date.

**RESPONSE:** Defendant incorporates by reference its Responses to Requests 1, 2, and 18, and further, identifies the diagram produced by the plaintiff in its discovery responses and disclosures.

**REQUEST NO. 20.** All objects or instrumentalities in your possession alleged or believed by you to be involved in the event which is the subject of this litigation.

**RESPONSE:** None.

**REQUEST NO. 21.** Originals or copies of any statements or recordings concerning the events or occurrences alleged in the Complaint and/or Answer made or taken by you of:

(a) the plaintiff(s) or party/parties having served these requests upon you, or their agents, servants, employees or attorneys;

(b) any witnesses to the events or occurrences alleged in the Complaint and/or Answer;

( c) the insurance company or companies providing insurance to you, the plaintiff(s) or any other party/parties to this action for any portion of the loss sustained as a result of the incident alleged in the Complaint and/or Answer; and

**RESPONSE:** Objection, as said request seeks documentation consisting of attorney work product, documentation prepared in anticipation of litigation, and documentation which is otherwise privileged. Without waiving said objection, the defendant identifies the following:

1. All documentation produced by the defendant as part of its disclosures provided on or about May 6, 2008.

2. All pleadings, discovery requests and discovery responses filed by plaintiff in relation to this litigation.

3. All pleadings, discovery requests, and discovery responses filed by plaintiff in relation to C.A. File No.: PC07-2314, filed by the plaintiff in the Providence County Superior Court.

**REQUEST NO. 22.** Any or all other reports, statements, memoranda, notices, correspondence and all other papers maintained and/or in your possession or that of your agents, servants or employees in any way concerning or related to any of the events, occurrences and allegations in the Complaint and/or Answer (excluding communications from your attorney).

**RESPONSE:** Objection as said request is overly broad, unduly burdensome, seeks documentation consisting of attorney and/or party work product, and documentation which is otherwise privileged.

**REQUEST NO. 23.** The original or copy of each document or other exhibit you or your attorneys intend to offer as an exhibit at trial.

FINAN & GROURKE
ATTORNEYS AT LAW
24 SPRING ST.
PAWTUCKET,
RHODE ISLAND 02860
(401) 723-6800

**RESPONSE:** Objection, as said request seeks documentation relating to the mental impressions, opinions, conclusions or legal theories of counsel, and is premature pursuant to the Rules of Civil Procedure and/or Orders entered by this Honorable Court in relation to this matter.

**REQUEST NO. 24.** All written or other documentary evidence which relates to your defenses.

**RESPONSE:** Objection, as said request seeks documentation relating to the mental impressions, opinions, conclusions or legal theories of counsel, and is premature pursuant to the Rules of Civil Procedure and/or Orders entered by this Honorable Court in relation to this matter.

**REQUEST NO. 25.** Copies of all requests made with or in association with the use of an Authorization of the Release of Confidential Information and all medical reports or records received as a result of and all such requests.

**RESPONSE:** Objection, as said request seeks attorney and/or party work product. Without waiving said objection, the defendant produces the following pursuant to Exhibit 3.

1. February 19, 2007 letter from Charis Walker to Robert George, 20 Netop Drive, Providence, RI 02907.

Defendant
GEICO General
Insurance Company
By Its Attorneys
FINAN & GROURKE

Jeffrey P. Finan #3278
24 Spring Street
Pawtucket RI 02860
401-723-6800
401-726-6340 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within was mailed, postage prepaid on May 15, 2008 to John B. Reilly, Esq., 100 North Main Street, 4th Floor, Providence, RI 02903.

FINAN & GROURKE
ATTORNEYS AT LAW
24 SPRING ST.
PAWTUCKET,
RHODE ISLAND 02860
(401) 723-6800