UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE

VS. C.A. NO. 07-466S

GEICO GENERAL INSURANCE COMPANY

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE DOCUMENT PRODUCTION**

Now comes the defendant, GEICO General Insurance Company, in relation to the above captioned matter, and hereby objects to the Plaintiff's Motion to Compel More Responsive Document Production of Defendant.

In support of the defendant's objection, the defendant hereby incorporates by reference its objections to the Request for Production of Documents, more specifically identified below:

**REQUEST NO. 4**. All records, memoranda, training manuals, bulletins or other written documentation that was generally available and circulated or distributed to your claims representatives (including specifically those involved in the handling of the claims presented by plaintiff) that discussed or described underinsured motorist automobile coverage in Rhode Island at the time of the event date described in plaintiff s complaint. (NOTE: this request does not seek any communications from defense counsel after litigation was commenced.)

**RESPONSE:** Objection, as said request seeks documentation which is privileged and confidential in nature, which does or may include trade secrets of the defendant.

**REQUEST NO. 6**. All records pertaining to the sale or proposed cancellation of the policy or increase in premiums charged for the policy that is applicable to the events described in plaintiff s complaint that have been issued or as to which notice has been given at any time since the event date described in plaintiff s complaint.

**RESPONSE:** Objection, as said request seeks information and/or documentation not reasonably calculated to lead to the discovery of admissible evidence in relation to the plaintiff's claims.

**REQUEST NO. 9**. Copies of all State of Rhode Island adjusting licenses held by all persons employed by the defendant who worked on and/or have handled, evaluated, "adjusted" or been decision makers with respect to the claims that have been made by the plaintiff in this action.

**RESPONSE:** Objection as to the scope of said request, as said request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, the defendant will produce the licenses of those individual employees of the defendant actively involved in the handling of the underinsured motorist claim presented by the plaintiff.

**REQUEST NO. 11**. Copies of any applications for the policy applicable to the claims

presented in this action or for amendments and changes to the policy received by you at any time from the time it was first issued to the time that these document production requests have been served.

**RESPONSE:** Objection, as said request seeks documentation not reasonably calculated to lead to the discovery of admissible evidence, as there is no allegation made by this defendant that the policy was not in full force and effect at the time of the accident giving rise to the plaintiff's claims.

**REQUEST NO. 12**. Copies of any reports you have received in the course of your investigation of the claims presented by plaintiff in this action from so-called "Index" bureaus or other such entities that purport to provide information concerning the past medical and/or claims history of the plaintiff.

**REQUEST NO. 16**. A list of all companies or entities providing surplus or reinsurance coverage (if any) with respect to the claims asserted by the plaintiff in this action.

**RESPONSE:** Objection, as said request seeks privileged and/or confidential information.

**REQUEST NO. 17**. Written documentation (if any) of any claims for damages, unpaid premiums, set-offs, medical payments or other items that you are presenting, making or asserting as offsets as a result of the issuance of the policy, the accident, or any other matter described in the complaint or your response to the complaint.

**RESPONSE:** Defendant incorporates by reference its Response to Request No. 14.

**REQUEST NO. 21**. Originals or copies of any statements or recordings concerning the events or occurrences alleged in the Complaint and/or Answer made or taken by you of:

(a) the plaintiff(s) or party/parties having served these requests upon you, or their agents, servants, employees or attorneys;

(b) any witnesses to the events or occurrences alleged in the Complaint and/or Answer;

( c) the insurance company or companies providing insurance to you, the plaintiff(s) or any other party/parties to this action for any portion of the loss sustained as a result of the incident alleged in the Complaint and/or Answer; and

**RESPONSE:** Objection, as said request seeks documentation consisting of attorney work product, documentation prepared in anticipation of litigation, and documentation which is otherwise privileged. Without waiving said objection, the defendant identifies the following:

1. All documentation produced by the defendant as part of its disclosures provided on or about May 6, 2008.

2. All pleadings, discovery requests and discovery responses filed by plaintiff in relation to this litigation.

3. All pleadings, discovery requests, and discovery responses filed by plaintiff in relation to C.A. File No.: PC07-2314, filed by the plaintiff in the Providence County Superior Court.

**REQUEST NO. 22**. Any or all other reports, statements, memoranda, notices, correspondence and all other papers maintained and/or in your possession or that of your agents, servants or employees in any way concerning or related to any of the events, occurrences and allegations in the Complaint and/or Answer (excluding communications from your attorney).

**RESPONSE:** Objection as said request is overly broad, unduly burdensome, seeks documentation consisting of attorney and/or party work product, and documentation which is otherwise privileged.

**REQUEST NO. 25.** Copies of all requests made with or in association with the use of an Authorization of the Release of Confidential Information and all medical reports or records received as a result of and all such requests.

**RESPONSE:** Objection, as said request seeks attorney and/or party work product. Without waiving said objection, the defendant produces the following pursuant to Exhibit 3.

Defendant
GEICO General
Insurance Company
By Its Attorneys
FINAN & GROURKE

/s/ Jeffrey P. Finan

Jeffrey P. Finan #3278
24 Spring Street
Pawtucket RI 02860
401-723-6800
401-726-6340 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within was filed through the ECF System on July 21, 2008 and will be sent electronically to those registered participants listed on the Notification of Electronic Filing (NEF).

/s/ Jeffrey P. Finan