UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE

VS. C.A. NO. 07-466S

GEICO GENERAL
INSURANCE COMPANY

**DEFENDANT'S MOTION TO SEVER AN STAY**

Now comes the Defendant, GEICO General Insurance Company in relation to the above captioned claim, and pursuant to F.R.P. 42(b), hereby moves that Count II of the Plaintiff's Complaint be severed and stayed pending decision on the underlying contractual claim. Defendant hereby incorporates by reference its Memorandum of Law in Support thereof.

Defendant
GEICO General Insurance Company
By Its Attorneys
FINAN & GROURKE

/s/ Jeffrey P. Finan
Jeffrey P. Finan #3278
24 Spring Street
Pawtucket RI 02860
401-723-6800
401-726-6340 (fax)
jpf@finangrourke.com

**CERTIFICATION**

I hereby certify that a copy of the within Motion was filed through the ECF System on August 12, 2008 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey P. Finan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT GEORGE

VS. C.A. NO. 07-466S

GEICO GENERAL
INSURANCE COMPANY

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER AND STAY**

## I. BRIEF STATEMENT OF FACTS

In the above captioned matter, the plaintiff, Robert George, by and through counsel, has made claim against GEICO General Insurance Company for breach of contract (Count I) and bad faith (Count II). The defendant, GEICO General Insurance Company, hereby moves to sever Count II of the Plaintiff's First Amended Complaint and further, to stay all proceedings and discovery in relation to Count II of the Plaintiff's Amended Complaint.

## II. ARGUMENT AND APPLICABLE LAW

### A. Count II – Bad Faith

Rhode Island General Law 9-1-33 has established a cause of action for the bad faith refusal of an insurance carrier "to timely perform its obligations under the contract of insurance." The Rhode Island Supreme Court has clarified the definition of bad faith as an insurance carrier's "refusal to pay a claim when there is no lawful basis for the refusal coupled with the actual knowledge of that fact." Bartlett v. John Hancock Mutual Life Insurance

Company, 538 A.2d 997, 1000 (R.I. 1988). The Court in Bartlett, went on to hold that the term "no lawful basis" "means that the insurer lacks a legitimate or arguable reason for failing to pay the claim" Id. The plaintiff in a bad faith claim must show that "the insurance company had no legal or factual defense to the insurance claim" Id. More recently, the Court, in the case of Skaling v. Aetna Insurance Company, 799 A.2d 997, (2002) has reiterated the fact that bad faith is established when the proof demonstrates than an insurer denies coverage or refuses payment without a reasonable basis in fact or law for the denial. However, and most importantly, it has been long held under Rhode Island Law, as well as in the United States District Court for the District of Rhode Island that there can be no cause of action for an insurance company's bad faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance. (Bartlett 538 A.2d 997, (1998)). See also, Lamoureaux v. Merrimack Mutual Fire Insurance Company, 751 A.2d 1290, (R.I. 2000); Imperial Casualty Indemnity Co., v. Bellini, 746 A.2d 130, (2000); Lewis v. Nationwide Mutual Insurance Company, 742 A.2d 1207, (2000); Paul Revere Life Insurance Company v. Fish, 910 F. Supp. 58 (1996).

**B. Basis for Staying Discovery on Count II**

Currently, under Rhode Island Law, bad faith claims are severed from breach of insurance contract claims for purposes of both discovery and trial. (See e.g., Skaling v. Aetna Insurance Company, 799 A.2d 997 (R.I. 2002); Bartlett v. John Hancock Mutual Life Insurance Company, 538 A.2d 997 (R.I. 1998), Corrente v. Fitchburg Mutual Fire Insurance Company, 557, A.2d 859 (1989).

The Rhode Island Supreme Court has stated in Skaling as follows:

> "Bad faith is established when the proof demonstrates that the insurer denied coverage or refused payment without a reasonable basis in fact or law for the

denial. **We deem this rule to be of particular significance in this jurisdiction because claims of insurer bad faith are severed and tried separately from the breach of insurance contract claim, a procedure that provides the insurer with significant procedural protections, including non-disclosure of its file until the completion of the breach of contract action."** Skaling, 799 A.2d @ 1010 (Emphasis added).

There are numerous compelling reasons why the alleged breach of contract claim be severed from the bad faith claim, and further, that the discovery on the bad faith claim be stayed pending a resolution of the underlying breach of contract claim.

By way of background, the incident giving rise to this litigation occurred on Monday, January 14, 2007 at approximately 3:03 a.m. in the parking area of Denny's Classic Diner Restaurant located on Quaker Lane in the City of Warwick, State of Rhode Island. Thereafter, the plaintiff did not seek any medical treatment for the incident in question until February 14, 2007, one month later. On May 4, 2007, four months following the accident, the plaintiff filed suit against the alleged underlying tortfeasor in the Providence County Superior Court, seeking damages for personal injuries arising out of the motor vehicle accident in question. On December 18, 2007, approximately eleven months post-accident, the plaintiff filed the present action, claiming both breach of contract as well as bad faith against his own insurer, GEICO General Liability Insurance Company resulting from the plaintiff's alleged "underinsured" claim. In April of 2008, the alleged tortfeasor's insurance carrier tendered its $25,000.00 policy limits of coverage, in order to resolve the underlying tort claim which had previously been filed in the Providence County Superior Court.

The Rhode Island Supreme Court, in the case of General Accident Insurance Company of America v. Cuddy, 658 A.2d 13 (1995), set forth the burden of a claimant in an underinsured

motorist claim pursuing recovery against its own carrier. In Cuddy, the Rhode Island Supreme Court stated the following:

> "To satisfy the statutory definition of "uninsured motorist" a claimant must present proof of damages that are legally entitled to be recovered. In order to invoke uninsured/underinsured coverage, it is necessary to determine whether the tortfeasor's liability policy limit is less than the actual amount of damages sustained by the claimant, damages that the claimant is legally entitled to recover from the tortfeasor….In order to establish damages, a claimant must prove that he or she is entitled to invoke §27-7-2.1 by introducing admissible evidence documented and explained in affidavits that his or her damages exceed the limits of coverage of the negligence tortfeasor. That is, the claimant must introduce material evidence that proves the damages, and upon such evidence a determination can be made as to whether the underinsured coverage is applicable." Cuddy, 658 A.2d at 16-17.

The plaintiff has claimed breach of contract against its own insurer alleging that GEICO breached its obligation under the insurance policy contract in relation to the plaintiff's underinsured motorist claim presented within the first eleven months following the accident. (Prior to the filing of this litigation). As such, there are in fact three separate claims presently being pursued by the plaintiff. The first involves the plaintiff's underinsured claim under the policy contract. The second involves alleged breach of duty by the insurer in handling the plaintiff's underinsured contract claim. The last is the alleged bad faith claim against the company. Each claim involves distinctive events occurring at different times. This defendant's motion to sever and stay until such time as the underlying contract action is resolved is based

upon the distinct differences in the facts and the issues which will be raised and litigated in the claims.

The severing of the bad faith claim, and a stay on discovery would avoid substantial and unnecessary prejudice to the defendant. The defendant will be prejudiced if Count II is not stayed by having to produce testimony and documentation concerning evidence to establish its lack of bad faith. There are numerous issues which are relevant to a bad faith claim which are simply not relevant or discoverable in the contract action, such as the claims adjuster's mental impressions, work product, and its claims file. Permitting the parties to litigate the bad faith claim, or performing discovery in the underlying underinsured motorist/breach of contract action, would grant parties access to materials and information which they would not otherwise be entitled to, but for the fact that the defendant insurance company is named as a defendant in this action. Access to such materials create the potential for prejudice to the insurance companies in the underinsured action. The thoughts, impressions, and opinions of the defendant and its legal counsel in relation to liability, damages, and valuation may be subject to disclosure.

Furthermore, if discovery is allowed to proceed on the bad faith claim (Count II), it will certainly become necessary to obtain discovery from the agents and/or attorneys of the plaintiff, in relation to the actions of such agents or attorneys in pursuing the underinsured motorist claim. There is a substantial likelihood plaintiff's counsel (and/or former counsel from plaintiff's office) will become witnesses in relation to the actions taken during the pursuing of the underlying uninsured motorist claim/breach of contract claim.

Finally, a trial on the alleged breach of contract claim may render the bad faith actions moot. The issues relative to the plaintiff's bad faith claim cannot be properly framed until such time as the issues of liability and damages have been resolved in the contract action. In the

contract claim, the plaintiff is required to present proof of damages that he is legally entitled to recover pursuant to RIGL §27-7-2.1, to meet the threshold requirements set forth in General Accident Insurance Company of America v. Cuddy, 658, A.2d 13 (1995). If it is determined that the damages flowing from the accident do not exceed the settlement reached with the tortfeasor, then the plaintiff is not entitled to underinsured motorist coverage, and as such, there is no breach of contract or bad faith. Until a judgment on the contract action has been rendered, it cannot be determined whether the defendant's insurer acted reasonably in responding to the plaintiff's claim for damages.

In conclusion, the judicial economy and efficient judicial administration would be furthered by the staying of this action until such time as the contract action is resolved. Allowing discovery on the alleged bad faith claim will prejudice both parties and it would subject the parties providing information and/or documentation prepared in anticipation of litigation and which is otherwise privileged.

Federal Courts have previously considered the issue of bifurcation under the Federal Rules of Civil Procedure 42(b) and have generally severed the bad faith claim for the breach of contract claim as a result of the potential for substantial risk of prejudice which would arise from the introduction of evidence pertaining to the plaintiff's bad faith claim. (See, e.g., Aetna Casualty Insurance Company v. Nationwide Mutual Insurance Company, 734 F. Supp. 204, 208 (W.D.PA. 1989); Schmidt v. California State Auto Association, 127 F.R.D. 182, 185 (D.NEV. 1989); O'Malley v. United States Fidelity and Guaranty Company, 776 F. 2d 494, 500-501 (5th Circuit 1985).

Most importantly, this Honorable Court has most recently severed and stayed the bad faith claims (and associated claims) from the underlying breach of contract claim in the case of Condor v. GEICO General Insurance Company, Summit Insurance Company and New London

County Mutual Insurance Company, U.S.D.C. – R.I. C.A. File No.: 07-460ML (Document Number 33, Memorandum and Order Granting Defendant's Motion to Sever and Stay Plaintiff's "bad faith" and "abuse of process" claims.

**III. CONCLUSION**

For the aforementioned reasons your defendant respectfully requests that its Motion to Sever and Stay Count II of the Plaintiff's Complaint be granted.

Defendant
GEICO General Insurance Company
By Its Attorneys
FINAN & GROURKE

/s/ Jeffrey P. Finan
Jeffrey P. Finan #3278
24 Spring Street
Pawtucket RI 02860
401-723-6800
401-726-6340 (fax)
jpf@finangrourke.com

**CERTIFICATION**

I hereby certify that a copy of the within was filed through the ECF System on August 12, 2008 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey P. Finan